UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | November 17, 2021 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:   [IN CHAMBERS] Order Regarding Motion for Default Judgment**

    Plaintiff Arelious Reed ("Reed") submitted a "memorandum of points and authorities in support of his motion for default judgment." Mem., Dkt. No. 19, at 1. Reed seeks a default judgment against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Id. at 6. For the following reasons, the Court finds that Reed's filing fails to comply with the Central District of California Local Rules and **DENIES** the request for default judgment.

    First, "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." L.R. 7-4. Local Rule 7-4 requires that "[o]n the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed." Reed's filing is not in compliance with Local Rule 7-4, thus the Court may decline to consider the motion.

    Additionally, to satisfy Local Rule 55-1, a plaintiff seeking default judgment needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies, and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1. Notably, this requires entry of default by the court clerk prior to the filing of a motion seeking default judgment. Reed has not included the necessary declaration. Thus the motion for default judgment must be denied pursuant to L.R. 55-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-07545-JVS-MRW                    Date  November 17, 2021

Title  Arelious Reed v. Wells Fargo Bank, N.A.

      For the foregoing reasons, the Court **DENIES** the motion for default judgment. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

      **IT IS SO ORDERED.**

                                                                                             :  0

Initials of Preparer    lmb