**McGuireWoods LLP**
Alicia A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
Jenny Yi (SBN 314540)
jyi@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant
Wells Fargo Bank, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ARELIOUS REED

Plaintiff,

vs.

WELLS FARGO BANK, N.A,

Defendant.

CASE NO. 2:21-cv-07545-JVS-MRW

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Date:** **January 24, 2022**
**Time:** **1:30 p.m.**
**Crtrm.:** **10C**
**Judge:** **Honorable James V. Selna**

# NOTICE OF MOTION

**TO THE HONORABLE COURT AND PLAINTIFF ARELIOUS REED, A PRO SE LITIGANT:**

**NOTICE IS HEREBY GIVEN** that, on January 24, 2021, at 1:30 p.m., in Courtroom 10C of the United States District Court, Central District of California, located at 411 West 4th Street, Room 1053, Santa Ana CA 92701. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will and hereby does move the Court for an order dismissing Plaintiff's Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 8(a) and 12(b)(1) and (6).

This motion is made on the grounds that Plaintiff fails to plausibly allege facts establishing Article III standing, fails to comply with the pleading requirements of Rule 8(a), and fails to allege facts necessary for relief. This motion is based upon this Notice of Motion and Motion to Dismiss, attached Memorandum of Points and Authorities, and upon such other matters as the Court may allow.

DATED: December 15. 2021            **MCGUIREWOODS LLP**

By: */s/ Jenny Yi*
Jenny Yi

Attorneys for Defendant
Wells Fargo Bank, N.A.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. INTRODUCTION .......... 1

II. FACTUAL ALLEGATIONS .......... 1

III. LEGAL STANDARD .......... 2

IV. ARGUMENT .......... 3

A. No Article III Standing Alleged .......... 3

B. Plaintiff's Complaint Fails to Comply with Rule 8 .......... 4

C. Plaintiff Fails to State a Claim Under Rule 12(b)(6) for Each Statute Listed .......... 6

1. Plaintiff Fails to Allege Any Claim Under the Truth in Lending Act, 15 U.S.C .......... 6

2. Any Claims under 41 U.S.C .......... 7

3. Plaintiff is Barred From Asserting a Claim Under Section 492.101 of Michigan's Motor Vehicle Sales Finance Act Because There is No Private Right of Action .......... 8

V. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781 (N.D. Cal. 2015) .......... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2, 5

*Aspen v. Newsom*, No. C 09-5589 CRB, 2010 U.S. Dist. LEXIS 67384 (N.D. Cal. July 7, 2010) .......... 4

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) .......... 5

*Banks v. Song*, No. 17-CV-1460 JLS (WVG), 2017 U.S. Dist. LEXIS 177231 (S.D. Cal. Oct. 25, 2017) .......... 5

*Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) .......... 3

*Brock v. Concord Auto. Dealership LLC*, No. 14-CV-01889-HSG, 2016 U.S. Dist LEXIS 27380 (N.D. Cal. Mar. 3, 2016) .......... 3

*Calkins v. Midland Funding NCC-2 Corp.*, 412 F.Supp.2d 699 (W.D. Mich. 2006) .......... 8

*In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051 (N.D. Cal. 2015) .......... 1

*Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) .......... 3

*Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) .......... 3

*Green v. U.S. Bank, N.A.*, No. 19-CV-07448, U.S. Dist. LEXIS 50020 (N.D. Cal. Feb. 5, 2020) .......... 7

*Herrera, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 8:18-cv-00332-JVS-MRW ........ 1, 2

*Lozada v. Dale Baker Oldsmobile Inc.*, 136 F.Supp.2d 719 (W.D. Mich. 2001) ........ 8

*Meskimen v. Bank of N.Y. Mellon*, No. CV 17-5757-GW(FFMx), 2017 U.S. Dist. LEXIS 224123 (C.D. Cal. Dec. 21, 2017) ........ 4

*Morrison v. United States*, 270 F. App'x 514 (9th Cir. 2008) ........ 5

*Nicolescu v. Faith & Freedom Coal., Nicolescu v. Faith & Freedom Coal.*, No. 93-55693, 1994 U.S. App. LEXIS 7967 (9th Cir. Apr. 12, 1994) ........ 6

*Pfeister v. Action Property Management, Inc.* No. 21-CV-04473-RS, 2021 U.S. Dist. LEXIS 213773 (N.D. Cal. Nov. 4, 2021) ........ 7

*Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980) ........ 2, 5

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ........ 3

**State Cases**

*King v. Ford Motor Credit Co.*, 257 Mich.App. 303 (Mich.Ct.App.2003) ........ 8

**Federal Statutes**

15 U.S.C. § 1601 ........ 2, 6

15 U.S.C. § 1605 ........ 2, 6

15 U.S.C. § 1635(F) ........ 2, 6

15 U.S.C. § 1640 ........ 6, 7

41 U.S.C. § 6502 ........ 7

41 U.S.C. § 6503 ........ 2, 6, 7

41 U.S.C. § 6504 .......... 2, 6, 7

**State Statutes**

MCL 600.1352 .......... 2, 6

Michigan's Motor Vehicle Sales Finance Act
§ 492.101 .......... 8
§ 492.102 .......... 2, 6

**Rules**

Federal Rules of Civil Procedure
Rule 8 .......... 2, 4, 5, 6
Rule 12(b)(6) .......... 2, 3, 6

Local Rule 16-4.1 .......... 5

2:21-cv-07545-JVS-MRW iv

DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Wells Fargo, N.A. ("Wells Fargo") hereby respectfully moves to dismiss the Complaint of Plaintiff Arelious Reed ("Plaintiff") as follows:

## I. INTRODUCTION

Plaintiff, an opt-out of the GAP Class Action Settlement, filed a three-page Complaint void of even the most basic allegations identifying what he complains of, what injury he suffered, and the claims he is asserting against Wells Fargo. Plaintiff simply lists various federal and Michigan statutes on the first page of his Complaint and titles them as "Cause of Action" but provides no allegations related to those statutes. Yet, despite this gross lack of allegations, Plaintiff alleges he filed this lawsuit to seek $45 million, the exact amount of the GAP Class Action settlement (but he apparently only seeks $1 million of this from Wells Fargo).

Plaintiff's wholly deficient Complaint should be dismissed for several reasons. First, Plaintiff fails to allege an injury that would establish Article III standing. Second, to the extent any statutes Plaintiff lists can be deemed a claim, they fail because they are wholly deficient or are not applicable to the few allegations pled in this Complaint. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## II. FACTUAL ALLEGATIONS[1]

On September 14, 2021, Plaintiff filed this lawsuit against Wells Fargo alleging he purchased a 2015 Cadillac Escalade (the "Vehicle") on January 28, 2019, in Doral, Florida and entered into a Retail Installment Sale Contract ("RISC") with a three-year term. Compl. at 3. Although not expressly alleged, Plaintiff suggests he purchased a GAP product and the RISC and GAP agreement were assigned to Wells Fargo. *Id.*

[1] Wells Fargo assumes Plaintiff's allegations are true for this motion only. *In re Capacitors Antitrust Litig.,* 106 F. Supp. 3d 1051, 1060 (N.D. Cal. 2015).

Plaintiff alleges he paid the loan off in full on or around September 13, 2019, and did not receive "any type of GAP contract payments refunds" from Wells Fargo. *Id.*

Plaintiff received notice of the class action settlement in *Herrera, et al. v. Wells Fargo Bank, N.A., et al.,* Case No. 8:18-cv-00332-JVS-MRW (the "GAP Class Action") and opted out of the class action by October 6, 2021. *Id.* Plaintiff alleges he is suing for $45MM, the amount of the GAP Class Action Settlement Fund, but "only seeking relief" "not to exceed $1,000,000.00." Compl. at 4.

Although the Complaint does not allege the claims Plaintiff seeks to assert against Wells Fargo, Plaintiff includes a prefatory section on the first page of his complaint titled "CAUSE OF ACTION" that precedes the facts alleged, and lists the following statutes: (1) "15 U.S.C. Section 1601 Congressional Findings and Declarations of Purpose"; (2) "15 U.S.C. Section 1605 Determination of Finance Charge"; (3) "15 U.S.C. Section 1635(F) Right of Rescission as to Certain Transactions"; (4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms"; (5) 41 U.S.C. Section 6504 Three-Year Prohibition on New Contracts in Case of Breach or Violation"; (6) "MCL 492.102 Motor Vehicle Sales Finance Act (excerpt)"; (7) "MCL 600.1352". Compl. at 2 (words capitalized in original).

## III. LEGAL STANDARD

Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Dismissal on Rule 8 grounds is appropriate where it is "impossible to designate the cause or causes of action attempted to be alleged in the complaint." *Schmidt v. Herrmann*, 614 F.2d 1221, 1223 (9th Cir. 1980).

Under Rule 12(b)(6) a court must dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving

2:21-cv-07545-JVS-MRW 2
DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

party, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). In short, "a complaint . . . must plead enough facts to state a claim to relief that is plausible on its face." *Id.* While "the plausibility standard is not akin to a 'probability requirement,' [] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Brock v. Concord Auto. Dealership LLC,* No. 14-CV-01889-HSG, 2016 U.S. Dist LEXIS 27380, at *1 (N.D. Cal. Mar. 3, 2016) (citing *Iqbal*, 556 U.S. at 678). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* citing *Twombly*, 550 U.S. at 555. Leave to amend should be denied where amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## IV.     ARGUMENT

### A.     No Article III Standing Alleged

Plaintiff fails to allege an injury-in-fact and therefore fails to establish Article III standing to bring these claims against Wells Fargo. To establish Article III standing, the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 n.1, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). An injury in fact requires the plaintiff to establish that they have suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Carrico v. City and Cnty. of San Francisco,* 656 F.3d 1002, 1005 (9th Cir. 2011). Although related, concreteness and particularity are distinct concepts. *Spokeo, Inc.*, 136 S. Ct. at 1548. Particularized injuries "affect the plaintiff in a

personal and individual way," while a "concrete injury must be de facto; that is, it must actually exist." *Id.* (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted).

Here, Plaintiff fails to allege he suffered any harm that was "concrete and particularized." Plaintiff's barebones Complaint only alleges he paid off his RISC and "did not receive any type of GAP contract payments refunds" Compl. at 3. Strikingly, Plaintiff does not allege he was entitled to a refund nor allege any other type of injury. Courts have routinely held that failure to articulate an injury, even by pro se litigants, are fatal and must be dismissed. *Aspen v. Newsom*, No. C 09-5589 CRB, 2010 U.S. Dist. LEXIS 67384, at *8 (N.D. Cal. July 7, 2010) (holding that a *pro se* plaintiff failed to establish standing because his alleged injury was purely hypothetical or conjectural that is proscribed by Article III standing requirements); *Meskimen v. Bank of N.Y. Mellon*, No. CV 17-5757-GW(FFMx), 2017 U.S. Dist. LEXIS 224123, at *6 (C.D. Cal. Dec. 21, 2017) (holding that a plaintiff failed to establish Article III standing because he did not allege a concrete harm and particularized harm). Because Plaintiff has not pleaded a concrete, particularized harm, he therefore does not have Article III standing. Accordingly, the Court should dismiss this Complaint without leave to amend.

**B. Plaintiff's Complaint Fails to Comply with Rule 8**

While this motion should be dismissed because Plaintiff has not established standing under Article III, it should also be dismissed because it fails to meet the liberal pleading standard under Rule 8(a) because it does not include a short and plain statement of *any* claim showing that he is entitled to relief. Under Rule 8(a), a plaintiff's burden at the pleading stage is relatively liberal and requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 793 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 8(a)). At a minimum, a claim capable of satisfying Rule 8(a)(2) must have factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Under Local Rule 16-4.1, a complaint must contain a summary of the statement of the claims Plaintiff has pleaded and plans to pursue, the elements required to establish each claim, and a brief description of key evidence in support of each claim.

      Here, Plaintiff does not set forth a cognizable legal theory or state any claims sufficient to show he is entitled to relief. Instead of providing factual support to his claims that would meet the minimum pleading requirements of Rule 8(a)(2), Plaintiff simply lists a series of statutes in a section titled "CAUSE OF ACTION." Compl. at 2. Such a list of statutes with no apparent ties to the allegations is grossly insufficient to put Wells Fargo on notice of what Plaintiff is complaining of or seeks to recover. *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal on the grounds that the plaintiff failed to include a "short plain statement of the claim showing that the pleader is entitled to relief."); *Morrison v. United States,* 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of *pro se* complaint on the grounds that the complaint contained a "confusing array of vague and undeveloped allegations" and did not allege sufficient facts or jurisdictional basis for any federal claim for relief); *Banks v. Song,* No. 17-CV-1460 JLS (WVG), 2017 U.S. Dist. LEXIS 177231, at *9-11 (S.D. Cal. Oct. 25, 2017) (holding that a brief one page complaint essentially requesting the court to construct the grounds for relief is conclusory and fails to meet the minimum pleading requirements under Rule 8).

      Additionally, Plaintiff does not allege that *any* of these statutes have been violated or establish any cognizable legal theory related to the statues and his allegations. Indeed, Plaintiff fails to allege any wrongdoing or that he is entitled to relief. *See generally* Compl. The minimum and liberal pleading requirements under Rule 8(a) require that a plaintiff include sufficient allegations to put the defendant on notice of claims against him. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."); *Nicolescu v. Faith & Freedom Coal., Nicolescu v. Faith & Freedom Coal.*, No. 93-55693, 1994 U.S. App. LEXIS 7967, at *3 (9th Cir. Apr. 12, 1994) (dismissing the plaintiff's claims on the grounds that the complaint failed to put the defendants on notice of the claims against them). Plaintiff fails to meet the minimum and liberal pleading requirements under Rule 8(a) sufficient to put Wells Fargo on notice of the claims against it and should therefore be dismissed.

**C. Plaintiff Fails to State a Claim Under Rule 12(b)(6) for Each Statute Listed**

Notwithstanding the above and even if the Court interprets the list of statutes as "claims", they should be dismissed for the independent reason that Plaintiff fails to adequately allege any claim under the statutes he lists. The Complaint lists the following seven statutes: (1) "15 U.S.C. Section 1601 Congressional Findings and Declarations of Purpose"; (2) "15 U.S.C. Section 1605 Determination of Finance Charge"; (3) "15 U.S.C. Section 1635(f) Right of Rescission as to Certain Transactions"; (4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms"; (5) 41 U.S.C. Section 6504 Three-Year Prohibition on New Contracts in Case of Breach or Violation" (6) "MCL.492.102 Motor Vehicle Sales Finance Act (Excerpt)"; (7) "MCL 600.1352". Compl. at 2. Plaintiff's seven statutes are various sections of the Truth in Lending Act ("TILA"), federal breach of contract statutes, and Michigan's Motor Vehicle Sales Finance Act ("MMSVFA").

**1. Plaintiff Fails to Allege Any Claim Under the Truth in Lending Act, 15 U.S.C. §§ 1601, 1605, 1635(f)**

To the extent Plaintiff's listed statutes constitute claims under TILA, 15 U.S.C. Section 1601, 15 U.S.C. Section 1605, and 15 U.S.C. Section 1635(f), they do not, these claims fail because he does allege any section of the statute has been violated. Section 1640 of TILA provides that "any creditor who fails to comply with any

requirement imposed under this part, including any requirement under 1635 of this title, subsection (f) or (g) of subsection 1641 of this title, or part D or E of this subchapter with respect to any person is liable" for damages. 15 U.S.C. § 1640. Because Plaintiff does not allege which section of TILA he brings his claims under and does not provide the elements for any TILA claim, he has failed to state a TILA claim. *Green v. U.S. Bank, N.A.,* No. 19-CV-07448, U.S. Dist. LEXIS 50020, at *17 (N.D. Cal. Feb. 5, 2020) (holding that plaintiff had not stated a TILA claim when it was unclear which provision of the statute the plaintiff asserted his claim for relief).

Plaintiff's failure to allege facts, elements, or assertions for any claim under TILA, warrants dismissal of any perceived claim.

**2. Any Claims under 41 U.S.C. §§ 6502, 6503 and 6504 Fail Because the United States Government is Not A Party to the Agreements at Issue**

Any claim under 41 U.S.C. §§ 6502, 6503 and 6504 fails because Plaintiff does not allege, as he cannot, that the United States government is a party to the RISC or GAP Agreement. 41 U.S.C. Section 6502 provides the required terms in contracts *made by agencies of the United States* for the manufacture or furnishing of materials, supplies, articles, or equipment in amounts exceeding $10,000. 41 U.S.C. § 6502. 41 U.S.C. Section 6503 and 6504 likewise govern such contracts where the United States is a party. Such claims that do not allege the United States as a party to the contracts at issue are fatally deficient. *See Pfeister v. Action Property Management, Inc.* No. 21-CV-04473-RS, 2021 U.S. Dist. LEXIS 213773, at *8-9 (N.D. Cal. Nov. 4, 2021) (holding that the plaintiff failed to state a claim under 41 U.S.C. Section 6503 because the federal government was not a party to the contract at issue). The Complaint does not allege that the United States or an agency of the United States was a party to the RISC or GAP agreement. As such, Plaintiff has failed to state a claim premised on 41 U.S.C. §§ 6502, 6503 and Section 6504. These claims must be dismissed with prejudice.

**3. Plaintiff is Barred From Asserting a Claim Under Section 492.101 of Michigan's Motor Vehicle Sales Finance Act Because There is No Private Right of Action**

Any claim under Section 492.101 of the MMVSFA, fails because there is no private right of action. Courts have held that there are no broad civil remedies available under the MMVSFA. *Lozada v. Dale Baker Oldsmobile Inc.*, 136 F.Supp.2d 719, 726 (W.D. Mich. 2001) (holding there is no broad general civil remedy described for violations of the statute). In *Lozada,* the court rejected plaintiff's contention that the MMVSFA provided civil remedies for any violation and instead held that private rights of action were limited to circumstances where a plaintiff alleged a "prohibited charge." *Id.; see also Calkins v. Midland Funding NCC-2 Corp.*, 412 F.Supp.2d 699, 705 (W.D. Mich. 2006)(holding that the MMVSFA did not expressly provide a private cause of action for the violation of statute that plaintiff alleged, and a private remedy could only be recovered to recoup or void prohibited charges.); *King v. Ford Motor Credit Co.*, 257 Mich.App. 303, 318 (Mich.Ct.App.2003) (noting that the MMVSFA's criminal penalty and statutory history indicated the statute was regulatory in nature). Here, Plaintiff does not allege any "prohibited charges" associated with the loan agreement or anywhere else in his Complaint. Thus, there is no private right of action available to Plaintiff under the MMVSFA. Accordingly, any claim under the MMVSFA should be dismissed.

## V. CONCLUSION

For all of the foregoing reasons, Wells Fargo respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint in its entirety without leave to amend because amendment would be futile.

DATED: December 15. 2021

**MCGUIREWOODS LLP**

By: /s/ Jenny Yi
Jenny Yi

Attorneys for Defendant Wells Fargo Wells Fargo Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15 , 2021, the foregoing document was filed electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

*/s/ Jenny Yi*
Jenny Yi