UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | January 11, 2022 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss [23]**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the complaint of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. No. 23. Reed did not file an opposition.

For the following reasons, the Court **GRANTS** the motion with leave to amend.

### I. BACKGROUND

On or about January 28, 2019, Reed purchased a 2015 Cadillac Escalade using an online dealership at Doral Lincoln located in Doral, FL. Compl., Dkt. No. 1. To finance his purchase, he entered into a Retail Installment Sale Contract ("RISC") with a three-year term, which involved 36 months' of payments with a GAP contract. Id. The RISC and GAP agreement were assigned to Wells Fargo. Id. On or around September 13, 2019, Reed paid the loan in full, but did not receive any type of GAP contract payment refunds from Wells Fargo for paying off the loan early. Id. Reed received notice of the class action settlement in Herrera, et al. v. Wells Fargo Bank, N.A., et al., Case No. 8:18-cv-00332-JVS-MRW (the "GAP Class Action") and opted out from the settlement on or about October 6, 2021. Id.

Reed asserts that he is "suing for $45,000,000.00" against Wells Fargo, the amount of the GAP Class Action Settlement fund, but "only seeking relief . . . not to exceed $1,000,000.00." Id. The complaint seems to be asserting the following causes of action without any articulation: (1) "15 U.S.C. Section 1601 Congressional Findings and Declarations of Purpose"; (2) "15 U.S.C. Section 1605 Determination of Finance Charge"; (3) "15 U.S.C. Section 1635(f) Right of Rescission as to Certain Transactions";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-07545-JVS-MRW        Date  January 11, 2022

Title  Arelious Reed v. Wells Fargo Bank, N.A.

(4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms"; (5) 41 U.S.C. Section 6504 Three-Year Prohibition on New Contracts in Case of Breach or Violation"; (6) "MCL 492.102 Motor Vehicle Sales Finance Act (excerpt)"; (7) "MCL 600.1352." Id.

## II. LEGAL STANDARD

### A. Rule 8

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Federal Rules Civil Procedure 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (emphasis supplied) (internal quotations and citations omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise."); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A court may dismiss a complaint even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating that Rule 8's requirements apply "to good claims as well as bad"); see Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130–31 (9th Cir. 2008).

Nevertheless, a court may not dismiss a complaint for violating Rule 8 simply because it is verbose or lengthy. See Hearns, 530 F.3d at 1131–32. For instance, an inartfully drafted complaint can satisfy Rule 8 if it is logically organized, clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | January 11, 2022 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

delineates each of the specific claims, and the defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." Id. at 1132. Therefore, dismissal pursuant to Rule 8 is generally appropriate only when a lengthy complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." Id. at 1131.

### B. *Article III Standing*

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

### III. DISCUSSION

The Court agrees with Wells Fargo that the complaint does not include a short and plaint statement of any claim showing that Reed is entitled to relief. See generally Compl. First, other than listing a series of statutes in a section entitled "CAUSE OF ACTION," Reed fails to make clear what legal theories he is asserting or how his factual allegations support each theory. In fact, the complaint is devoid of sufficient factual allegations for the Court to draw a reasonable inference that Wells Fargo is liable for the alleged misconduct, which, again, is not coherently articulated. Hence, the Court finds that the complaint fails to put Wells Fargo on notice of the claims against it.

Moreover, Wells Fargo contends that the complaint fails to allege Reed suffered any harm that was concrete and particularized. The complaint alleges that Reed did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | January 11, 2022 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

receive any GAP contract repayment refunds from Wells Fargo when he paid off his loan early. See Compl. However, it fails to allege that Reed was entitled to receive such a refund or the basis for his entitlement. While the complaint fails to establish a clear basis for Article III standing, in the absence of clear allegations, the Court finds that Reed may be able to demonstrate Article III standing upon amendment.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss the complaint for failure to comply with Rule 8. Reed is given 21 days to file an amended complaint.

**IT IS SO ORDERED.**

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for January 24, 2022 is **VACATED**.

|   |   | : | 0 |
|---|---|---|---|
|   | Initials of Preparer | lmb |   |