

FILED
CLERK, U.S. DISTRICT COURT

1/7/22

CENTRAL DISTRICT OF CALIFORNIA
BY:    LB    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**ARELIOUS REED**

        **PLAINTIFF,**           **CASE NO. 2:21- cv- 07545-JVS-MRW**

**V.**                 **HONORABLE JUDGE: James V. Selna**
                       **MAGISTRATE JUDGE: Michael R. Wilner**

**WELLS FARGO BANK N.A.**

        **DEFENDANT.**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS PREJUDICE

NOW COMES, ARELIOUS REED plaintiff, by and though plaintiff to move this Honorable United States District Court Central District of California for his Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike Defendant's Motion To Dismiss Plaintiff's Complaint As Prejudice, under **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1)** and **(2)** as FOLLOWS.

## Table of Contents

TABLE OF CONTENTS............................................................................................................................i

TABLE OF AUTHORITIES.........................................................................................................ii,iii

JURISDICTIONAL STATEMENT...............................................................................................1

STANDARD OF REVIEW.......................................................................................,,,,,,,......2

MEMORANDUM OF POINTS AND AUTHORITIES.................................................3,4

PREJUDICE DEFENSE TO BE STRICKEN ...........................................................5,6

ARGUMENT...................................................................................................................6,7

CONCLUSION AND RELIEF REQUESTED .........................................................7,8

## Table of Authorities

Cases

Plaintiff-Appellee Dylan Dunn v. Defendants-Appellants J. Castro, T. Surges, P. Stockman, D. Ortiz, Y. Yamamoto, and A.K. Scribner 621 F.3d 1196 (9th Circuit Court 2010)...................6

Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004)..............................6

Heller Financial, Inc., A Delaware Corporation, Plaintiff-Appellee v. Midwhey Powder Company, Inc. Defendants-appellants, 883 F.2d 1286, 1294 (7th Cir. 1989)..........................1

In Re: LLS America, LLC, Debtor, Plaintiff Bruce P. Kriegman v. Lazy M, LLC Defendant, In re LLS Am., LLC. ( No: 12-CV-668-RMP E.D. Wash. May. 12, 2015)..............................4

Marony v. Wheeling Lake Erie Railway Co. (D.C.) 33 F.2d 916 (March 04, 1929)................1

Operating Engineers Local 324 Health Care Plan, et al., Plaintiffs–Appellants, v. G & W Construction Company; Gary Nollar, Defendants–Appellees. United States Court of Appeals Sixth Circuit 783 F.3d 1045 (6th Cir. April 20, 2015)...............…....................................2

Richard A. Bobbitt, Plaintiff, v. Victorian House, Inc., et al., Defendants. US District Court for the Northern District of Illinois - 532 F. Supp. 734 (N.D. Ill. February 16, 1982).............…......2

**Statues**

Federal Rules of Civil Procedure Local Rule 6.1.........................................................4

Federal Rules of Civil Procedure Rule 4...................................................................4

Federal Rules of Civil Procedure Rule 4 (a),(1),(A),(B),(C),(D),(E),(F),(G), 2 (b),(c)(1)(2),

(e),(1),(2),(A)(B),(h),(1)(A)(B) and (m)...................................................................5

Federal Rules of Civil Procedure Rule 8(a)................................................................7

Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii).............................................5

Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1) and (2).........................5,7,8

Federal Rules of Civil Procedure Rule 12(b)(1) and (6).................................................7

Federal Rule of Civil Procedure Rule 12(b)(6).............................................................6

Federal Rules of Civil Procedure Rule 12 (f) (1) and (2).................................................5

Federal Rules of Civil Procedure Rule 55...................................................................4

28 U.S.C. Section 1292(b)....................................................................................2

28 U.S.C. Section 1331.......................................................................................1

29 U.S.C. Section 1145.......................................................................................2

## JURISDICTIONAL STATEMENT

The United States District Court Central District of California shall have original jurisdiction

over these civil actions pursuant to **28 U.S.C. Section 1331,** having the Plaintiff, Arelious Reed

timely filed his Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike

Defendant's Motion To Dismiss Plaintiff's Complaint As Prejudice, on December 28, 2021.

Please see **Heller Financial, Inc., A Delaware Corporation, Plaintiff-Appellee v. Midwhey**

**Powder Company, Inc. Defendants-appellants, 883 F.2d 1286, 1294 (7th Cir. 1989)**,

Whereas, Defendants-appellants, Midwhey Powder Company, Inc complains that the trial court

erred in striking all their affirmative defenses, before addressing Midwhey's arguments, we note

the absence of any resultant prejudice which could have occurred by the district court's striking

of Midwhey's defenses. Midwhey made no attempt to amend its defenses even though they were

dismissed on technical grounds, e.g., failure to adequately plead. Thus, its claims of prejudice

ring hollow; it easily could have alleged more facts or taken discovery if the facts were not

immediately known. Regardless, its claims are meritless. The United States Court of Appeals,

Seventh Circuit also stated that, we also agree with the district court that the interim interest

expense agreement, requiring Edward Lee to pay interest until the time Midwhey accepted the

equipment, was inexplicable unless, as all other evidence shows, the defendants clearly

understood they had an obligation to pay interest before the equipment was accepted.

Furthermore, we have considered and rejected Midwhey's remaining arguments challenging the

grant of summary judgment. There is no genuine issue as to any material fact and Heller is

entitled to a judgment as a matter of law. For the foregoing reasons, the judgment of the district

court is AFFIRMED. Also see **Marony v. Wheeling Lake Erie Railway Co. (D.C.) 33 F.2d**

**916 (March 04, 1929).**

1

## STANDARD OF REVIEW

The interpretation of a federal statute is a question of law reviewed by the court. Please see

**Operating Engineers Local 324 Health Care Plan, et al., Plaintiffs–Appellants, v. G & W**

**Construction Company; Gary Nollar, Defendants–Appellees. United States Court of**

**Appeals Sixth Circuit 783 F.3d 1045 (6th Cir. April 20, 2015)**. Whereas, the Nine multi-

employer pension and welfare fringe benefit trust funds (the Funds) sued G & W Construction

Company (G & W) and its president, Gary Nollar, to recover delinquent fringe-benefit payments

under a contract between G & W and Operating Engineers Local 324 (the Union). The

defendants raised affirmative defenses of laches, estoppel, and waiver based on alleged conduct

of the Union and the Funds. The Funds moved to strike the affirmative defenses, arguing that

515 of the Employee Retirement Income Security Act (ERISA), **29 U.S.C. Section 1145**, bar

equitable defenses. The district court denied the motion to strike but certified the case for

interlocutory appeal under **28 U.S.C. Section 1292(b)**, and United States Court of Appeals, Sixth

Circuit granted the Funds' petition to appeal. For the reasons stated below, United States Court of

Appeals, Sixth Circuit AFFIRM in part and REVERSE in part the district court's denial of the

motion to strike, and we REMAND the case to the district court for further proceedings. Also see

**Richard A. Bobbitt, Plaintiff, v. Victorian House, Inc., et al., Defendants. US District Court**

**for the Northern District of Illinois - 532 F. Supp. 734 (N.D. Ill. February 16, 1982)**.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

On or about September 14, 2021, the Plaintiff, Arelious Reed filed his verified complaint in the United States District Court Eastern District of Michigan Southern Division with his Application to Proceed without prepaying fees or costs that was enter on September 15, 2021, and was assigned a **Case No. 3:21-cv-12146**. On or about September 16, 2021, Order of Disqualification and Reassigning Case from District Hon. Judge Robert H. Cleland in Port Huron to District Hon. Judge Stephen J. Murphy, III in Detroit, MI. On or about September 17, 2021, Order of Disqualification and Reassigning Case from Magistrate Hon. Judge Anthony P. Patti to Magistrate Hon. Judge Curtis Ivy, Jr.  On or about September 21, 2021, Order Transferring Case to the Central District of California signed by the Hon. District Judge Stephen J. Murphy, III. On or about September 24, 2021, this case was assigned to Hon. District Judge Virginia A. Phillips and Hon. Magistrate Judge Karen E. Scott with **Case No. 2:21-cv-07545-VAP-KES**. On or about September 27, 2021, Hon. District Judge Virginia A. Phillips issue out A **"Standing Order"** to the Plaintiff Arelious Reed. On or about October 06, 2021, Hon. Magistrate Judge Michael R. Wilner, directs Plaintiff to submit a supplemental statement explaining in more detail Plaintiff's income, expenses, assets, and liabilities. Hon. Magistrate Judge Michael R. Wilner also stated "that Plaintiff's supplemental statement will be due by October 27, 2021, after that, the Court will evaluate the IFP request". On or about October 04, 2021, the Defendant was served with proof of service, summons and complaint. On or about November 05, 2021, Honorable Magistrate Judge Michael R. Wilner. ORDERED that the request granting Plaintiff's APPLICATION for Leave to Proceed in Forma Pauperis. On or about November 16, 2021, The Court, on its own

3

motion, hereby ORDERS plaintiff(s) to Show Cause in writing no later than

December 3, 2021, why this action should not be dismissed for lack of prosecution.

On or about December 3, 2021, Plaintiff filed for his Memorandum of Points and

Authorities In Support of Plaintiff Motion for Default Judgment on the Defendant

with the United States District Court Central District of California, for failure to

comply with **Federal Rules of Civil Procedure Local Rule 6.1**, **Federal Rules of

Civil Procedure Rule 4**, and **Federal Rules Of Civil Procedure Rule 55**. On or

about December 15, 2021, Defendants filed A untimely Motion to Dismiss the

Plaintiff's Complaint their answer was filed over two months ago. Please see **In Re:

LLS America, LLC, Debtor, Plaintiff Bruce P. Kriegman v. Lazy M, LLC

Defendant, In re LLS Am., LLC. ( No: 12-CV-668-RMP E.D. Wash. May. 12, 2015)**.

Whereas The Court reviewed Plaintiff's Motion to Strike, Defendant's response, the

reply, and Defendant's supplemental filing. ECF Nos. 58, 71, 77, 79. The Court was

fully informed in addition to the document that the Court construes to be Defendant's

reply in support of his motion to dismiss, ECF No. 57, Defendant submitted

arguments and facts in additional filings, ECF Nos. 54, 70, 79. Plaintiff moves to

strike one of these filings, ECF No. 54, based on various evidentiary grounds. ECF

No. 58. The Court finds that Plaintiff's Motion to Strike is moot and therefore denies

it. Even having considered ECF No. 54, the Court finds that for the following

reasons that Defendant is not entitled to the relief that he seeks. Because first,

Defendant's motion to dismiss is untimely.

4

## PREJUDICE DEFENSE TO BE STRICKEN

1. On or about December 15, 2021 the Defendant's Attorney Jenny Yi (SBN 314540),  filed there Motion to Dismiss answers to Plaintiff Arelious Reed, verified complaint which was answered untimely, pursuant to **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii)**, although, Plaintiff admits the well pleaded allegations of the pleadings but asked the United States District Court Central District of California, for it to be stricken as a prejudice defense to succeed.

2. On the Defendants WELLS FARGO BANK N.A., behalf, there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the defense to stand would be prejudice to the Plaintiff.

3. Pursuant to **Federal Rules of Civil Procedure Rule 12 (f) (1)** and **(2)** the Defendant's Motion to Dismiss are redundant, immaterial, impertinent and a scandalous matter.

4. There is no question of fact which would allow the defense to succeed, also there is no question of law which would allow the defense to succeed and lastly if the defense succeeded the Plaintiff would suffer prejudice from inclusion of the defense.

5. However, the Plaintiff has served the Defendants with his Summons and Complaint, correctly under **Federal Rules of Civil Procedure Rule 4 (a),(1),(A),(B),(C),(D) ,(E),(F), (G), 2 (b),(c)(1)(2), (e),(1),(2),(A)(B),(h),(1)(A)(B)** and **(m)**.

6. Under **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1)** and **(2)** clearly states that; (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must

5

serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States. (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

## ARGUMENT

1. If the Court does, consider Defendant's untimely motion, it should be rejected as Defendant's arguments are meritless.

2. The Defendants Motion to Dismiss is untimely and should be dismissed, motion under **Federal Rule of Civil Procedure Rule 12(b)(6)** must be made before pleading if a responsive pleading is allowed. Please see **Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Circuit Court 2004)**; Whereas, the Ninth Circuit has noted that a fundamental tenet of the Federal Rule of Civil Procedure is that certain defenses under **Federal Rule of Civil Procedure Rule 12**, must be raised at the first available opportunity or, if they are not, they are forever waived. Also see **Plaintiff-Appellee Dylan Dunn v. Defendants-Appellants J. Castro, T. Surges, P. Stockman, D. Ortiz, Y. Yamamoto, and A.K. Scribner 621 F.3d 1196 (9th Circuit Court 2010)**

3. Defendants Motion to Dismiss also fails on the Merits, however untimely motion to dismiss are sometimes treated as a Motion for Judgment on the pleadings.

6

4. If the Honorable United States District Court Central District of California elects to convert Defendants untimely Motion to Dismiss into judgment on the pleadings, the motion should be denied on the merits.

5. The Court must consider Plaintiff's Complaint in its entirety when evaluating A motion to dismiss for failure to state a claim, when reviewing a motion to dismiss for failure to state a claim, the Court should read the complaint in its entirety, the Court must consider the Complaint as A whole.

6. Plaintiff Complaint is well pleaded under either **Federal Rules of Civil Procedure Rule 8(a)** and **Federal Rules of Civil Procedure Rule 12(b)(1)** and **(6)**, Plaintiff Arelious Reed Complaint meet the pleading standards of both **Rules 8(a)** and **Rule 12(b)(1)** and **(6)**, even if the Court were to apply either **Rules 8(a)** and **Rule 12(b)(1)** and **(6)** to Plaintiff's allegations in his Complaint, Plaintiff has pled these Federal and State statute laws with sufficient specificity to survive a motion to dismiss.

### CONCLUSION AND RELIEF REQUESTED

Whereas the foregoing reasons, Plaintiff Arelious Reed, respectfully move this Honorable United States District Court Central District of California for his Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike Defendant's Motion To Dismiss Plaintiff's Complaint As Prejudice, under **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1)** and **(2)**, against the Defendant, WELLS FARGO BANK N.A. to stricken its Motion To Dismiss, as A prejudice defense, against Plaintiff Complaint and granted Plaintiff's, Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike Defendant's Motion To Dismiss

Plaintiff's Complaint As Prejudice, pursuant to **Federal Rules of Civil Procedure Rule 12**

**(a),(1),(A)(i)(ii),(f) (1)** and **(2)**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of December 2021, I will file the foregoing with the

Clerk of Court by certified mail, with certified mail and email to the Defendant's Attorney,

Jenny Yi (SBN 314540), at jyi@mcguirewoods.com which will then send an email notification

of such filing to the following on record:

**MCGUIREWOODS LLP**
**Attorney Jenny Yi (SBN 314540)**
**Two Embarcadero Center Suite 1300**
**San Francisco, CA 94111-3821**
**Phone: (415) 844-9944**
**Email: jyi@mcguirewoods.com**

Respectfully submitted,

X _A. Reed_

**Plaintiff, ARELIOUS REED**
**1515 Fort Street Unit 96**
**Lincoln Park, MI 48146**
**(313) 530-5189**
**Email: reedarel@gmail.com**

8

CERTIFIED MAIL

7021 2720 0000 3066 5135

90012

1000

Arelious Rea
1515 Fort Street Unit 96
Lincoln Park, MI 48146

U.S. Courthouse
Atten: Clerk's Office
First Street Courthouse 350
West 1st Street 4th Floor
Los Angeles, California 90012

RECEIVED
CLERK U.S. DISTRICT COURT

JAN - 7 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                   DEPUTY

RUS

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2019

RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 1 0 2022

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION        BY DEPUTY

FSC
MIX
Envelope
FSC® C137131