**McGuireWoods LLP**
Alicia A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
Jenny Yi (SBN 314540)
jyi@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant
Wells Fargo Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARELIOUS REED | CASE NO. 2:21-cv-07545-JVS-MRW |
| Plaintiff, | **DEFENDANT WELLS FARGO N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| vs. | |
| WELLS FARGO BANK, N.A, | |
| Defendant. | **Date:   March 28, 2022**<br>**Time:   1:30 p.m.**<br>**Crtrm.:   10C**<br>**Judge:   Honorable James V. Selna** |

# NOTICE OF MOTION

**TO THE HONORABLE COURT AND PLAINTIFF ARELIOUS REED, A PRO SE LITIGANT:**

**NOTICE IS HEREBY GIVEN** that, on March 28, 2022, at 1:30 p.m., in Courtroom 10C of the United States District Court, Central District of California, located at 411 West 4th Street, Room 1053, Santa Ana CA 92701. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will and hereby does move the Court for an order dismissing Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 8(a) and 12(b)(1) and (6).

This motion is made on the grounds that Plaintiff fails to plausibly allege facts establishing Article III standing, fails to comply with the pleading requirements of Rule 8(a), and fails to allege facts necessary for relief. This motion is based upon this Notice of Motion and Motion to Dismiss, attached Memorandum of Points and Authorities, and upon such other matters as the Court may allow.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 21, 2022.


DATED: February 28. 2021          **MCGUIREWOODS LLP**


                                  By: _/s/ Jenny Yi_____
                                      Jenny Yi
                                      Attorneys for Defendant Wells Fargo
                                      Wells Fargo Bank, N.A.

1

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................. 1

I.      INTRODUCTION ........................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND...................................... 1

     A.     The Court Dismissed Plaintiff's Original Complaint ............................ 1

     B.     Plaintiff's Amended Complaint Suffers from Same Flaws .................. 3

III.    LEGAL STANDARD ....................................................................... 3

IV.     ARGUMENT ................................................................................. 5

     A.     Plaintiff Again Fails to Establish Article III Standing........................... 5

     B.     Plaintiff's Amended Complaint Fails to Comply with Rule 8 ............ 6

     C.     Plaintiff's Amended Complaint Fails to State a Claim Under
          Rule 12(b)(6) for Each of His Four Claims ........................................... 8

          1.     Plaintiff's Amended Complaint Fails to Allege Claims
               Under the Truth in Lending Act, 15 U.S.C ................................. 8

          2.     Any Claims Under 41 U.S.C ....................................................... 9

          3.     Any Claim Under Section 492.101 of Michigan's Motor
               Vehicle Sales Finance Act is Barred Because There is No
               Private Right of Action.................................................................. 9

V.      CONCLUSION .............................................................................. 10

CERTIFICATE OF SERVICE .............................................................................. 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Achal v. Gate Gourmet, Inc.*,
  114 F. Supp. 3d 781 (N.D. Cal. 2015)..................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................4, 7

*Aspen v. Newsom*,
  No. C 09-5589 CRB, 2010 U.S. Dist. LEXIS 67384 (N.D. Cal. July
  7, 2010) ............................................................................................6

*Banks v. Song*,
  No. 17-CV-1460 JLS (WVG), 2017 U.S. Dist. LEXIS 177231 (S.D.
  Cal. Oct. 25, 2017)............................................................................7

*Billingsley v. C.I.R.*,
  868 F.2d 1081 (9th Cir. 1989) ...........................................................4

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ...............................................................5

*Brock v. Concord Auto. Dealership LLC*,
  No. 14-CV-01889-HSG, 2016 U.S. Dist LEXIS 27380 (N.D. Cal.
  Mar. 3, 2016) ....................................................................................4

*Calkins v. Midland Funding NCC-2 Corp.*,
  412 F.Supp.2d 699 (W.D. Mich. 2006)..............................................10

*In re Capacitors Antitrust Litig.*,
  106 F. Supp. 3d 1051 (N.D. Cal. 2015)...............................................1

*Carrico v. City and Cnty. of San Francisco*,
  656 F.3d 1002 (9th Cir. 2011) ...........................................................5

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ...........................................................4

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) ...........................................................4

*Federation of African Am. Contractors v. City of Oakland*,
   96 F.3d 1204 (9th Cir. 1996) .................................................................. 4

*Green v. U.S. Bank, N.A.*,
   No. 19-CV-07448, U.S. Dist. LEXIS 50020 (N.D. Cal. Feb. 5,
   2020) ........................................................................................................ 8

*Herrera, et al. v. Wells Fargo Bank, N.A., et al.*,
   Case No. 8:18-cv-00332-JVS-MRW ................................................. 2, 3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) .................... 4

*Lozada v. Dale Baker Oldsmobile Inc.*,
   136 F.Supp.2d 719 (W.D. Mich. 2001) ................................................. 9

*Meskimen v. Bank of N.Y. Mellon*,
   No. CV 17-5757-GW(FFMx), 2017 U.S. Dist. LEXIS 224123 (C.D.
   Cal. Dec. 21, 2017) ................................................................................ 6

*Morrison v. United States*,
   270 F. App'x 514 (9th Cir. 2008) .......................................................... 7

*Pfeister v. Action Property Management, Inc.*
   No. 21-CV-04473-RS, 2021 U.S. Dist. LEXIS 213773 (N.D. Cal.
   Nov. 4, 2021) .......................................................................................... 9

*Schmidt v. Herrmann*,
   614 F.2d 1221 (9th Cir. 1980) ........................................................... 3, 7

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) .......................................................................... 5

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
   873 F.2d 1221 (9th Cir. 1989) ............................................................... 4

**State Cases**

*King v. Ford Motor Credit Co.*,
   257 Mich.App. 303 (Mich.Ct.App.2003) ........................................... 10

**Federal Statutes**

15 U.S.C. § 1601 ......................................................................... 2, 3, 8

DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

15 U.S.C. § 1605.................................................................................................2

15 U.S.C § 1635.........................................................................................2, 3, 8

15 U.S.C. § 1640.................................................................................................8

41 U.S.C. § 6502.................................................................................................9

41 U.S.C. § 6503........................................................................................2, 3, 8, 9

41 U.S.C. § 6504.................................................................................................2

**State Statutes**

MCL 492.101, Michigan Motor Vehicle Sales Finance Act....................................9

MCL 492.102, Michigan Motor Vehicle Sales Finance Act............................2, 3, 8

MCL 600.1352.....................................................................................................2

**Rules**

Fed. R. Civ. P. 8(a)(2)..............................................................1, 2, 3, 6, 7

Fed. R. Civ. P. 12(b)(1) ...........................................................................4

Fed. R. Civ. P. 12(b)(6) ...............................................................2, 4, 5, 7, 8

Fed. R. Civ. P.12(f)...................................................................................2

DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Wells Fargo, N.A. ("Wells Fargo") hereby respectfully moves to dismiss the Amended Complaint of Plaintiff Arelious Reed ("Plaintiff") as follows:

## I.    INTRODUCTION

Similar to the original Complaint, Plaintiff's Amended Complaint once again does not establish a basis for Article III standing or include any of the fundamental requirements necessary to state a claim. Strikingly, despite this Court's clear and unambiguous order detailing the defects of the Complaint, Plaintiff's Amended Complaint adds *no new substantive factual allegations* and is nearly identical to his previous complaint that was devoid of sufficient factual allegations to state a claim.

Plaintiff's Amended Complaint fails for the same reasons his original Complaint failed. First, and as a threshold matter, Plaintiff fails to establish Article III standing. Specifically, Plaintiff does not allege *any* injury that would establish Article III standing. Second, Plaintiff does not include any new allegations providing a short and plain statement of *any* claim as required under Rule 8. Lastly, the claims Plaintiff lists fail independently because he does not include any allegations to meet the pleading requirements to establish that he entitled to relief. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    The Court Dismissed Plaintiff's Original Complaint

On September 14, 2021, Plaintiff filed this lawsuit against Wells Fargo alleging he purchased a 2015 Cadillac Escalade (the "Vehicle") on January 28, 2019, in Doral, Florida through an online dealership and entered into a Retail Installment Sale Contract ("RISC") with a three-year term. Dkt 1. at 3. Although not expressly alleged, Plaintiff's original complaint suggested he purchased a GAP product, which along

---

[1] Wells Fargo assumes Plaintiff's allegations are true for this motion only. *In re Capacitors Antitrust Litig.,* 106 F. Supp. 3d 1051, 1060 (N.D. Cal. 2015).

with the RISC, were assigned to Wells Fargo. *Id.* Plaintiff alleged he paid the loan off in full on or around September 13, 2019 and did not receive "any type of GAP contract payments refunds" from Wells Fargo. *Id.* Plaintiff further alleged he received notice of the class action settlement in *Herrera, et al. v. Wells Fargo Bank, N.A., et al.,* Case No. 8:18-cv-00332-JVS-MRW (the "GAP Class Action") and opted out of the class action by October 6, 2021. *Id.*

Rather than identifying which claims he brought, Plaintiff instead included a section on the first page of his complaint titled "CAUSE OF ACTION" that preceded the facts alleged, and listed the following statutes: (1) "15 U.S.C. Section 1601 Congressional Findings and Declarations of Purpose"; (2) "15 U.S.C. Section 1605 Determination of Finance Charge"; (3) "15 U.S.C. Section 1635(F) Right of Rescission as to Certain Transactions"; (4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms"; (5) 41 U.S.C. Section 6504 Three-Year Prohibition on New Contracts in Case of Breach or Violation"; (6) "MCL 492.102 Motor Vehicle Sales Finance Act (excerpt)"; (7) "MCL 600.1352". Dkt. 1 at 2 (words capitalized in original). No allegations related to these claims were included in the Complaint.

On December 15, 2021, Wells Fargo filed its Motion to Dismiss on the grounds that Plaintiff 1) failed to establish Article III standing; 2) failed to identify any cause of action against Wells Fargo, 3) failed to allege facts that supported any legal theory, and 4) included claims that failed as a matter of law. *See generally* Dkt. 23 ("MTD"). On January 7, 2022, Plaintiff filed a "Motion to Strike Defendant's Motion to Dismiss Plaintiff's Complaint as Prejudice," arguing Wells Fargo's MTD was untimely, meritless, and should be struck and dismissed pursuant to Rule 12(f) and 12(b)(6). Dkt. 29 at 5-6. On January 14, 2022, this Court dismissed the Complaint with leave to amend and held that the Complaint did not meet the minimum pleading requirements under Rule 8 because it did not set forth clear legal theories for relief

2

related to any injury with a causal connection to Wells Fargo.[2] Dkt. 30 ("Order"). Specifically, this Court concluded that Plaintiff failed to establish Article III standing because he did not allege that he was entitled to receive any GAP contract repayment refunds. *Id.*

### B. Plaintiff's Amended Complaint Suffers from Same Flaws

Plaintiff's Amended Complaint asserts the same vague and conclusory factual allegations as in his previous complaint. In the Amended Complaint, Plaintiff now identifies four causes of action, all of which were listed in his previous complaint: "Count I; 15 U.S.C. Section 1601(a); Count II; 15 U.S.C Section 1635; Count III; MCL 492.102 Motor Vehicle Sales Finance Act (Excerpt); Count IV; U.S.C Section 6503 Breach or Violation of Required Contract Terms." AC at 2. Plaintiff cites various statutes throughout his allegations with no apparent connection or reasoning. AC at 2-3. Plaintiff removes all allegations relating to the class action settlement in *Herrera, et al. v. Wells Fargo Bank, N.A., et al.,* Case No. 8:18-cv-00332-JVS-MRW (the "GAP Class Action"). Dkt. 1 at 3. Plaintiff also reduces the amount he is demanding from $45,000,000 or $1,000,000 to "$4,300,000 or $4,300,000 whichever is greater." AC at 3; Dkt. 1 at 4. The Amended Complaint is void of any additional allegations.

## III.  LEGAL STANDARD

Rule 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Dismissal on Rule 8 grounds is appropriate where it is "impossible to designate the cause or causes of action attempted to be alleged in the complaint." *Schmidt v. Herrmann,* 614 F.2d 1221, 1223 (9th Cir. 1980).

---

[2] The Court's original order dismissing the Complaint was entered on January 11, 2022 [Dkt. 28] and was amended to incorporate Plaintiff's mailed opposition [Dkt. 29] which was received by the Court after it entered its original order dismissing the Complaint.

1    Under Rule 12(b)(1) a court must dismiss a complaint if it lacks subject matter
2    jurisdiction. *Billingsley v. C.I.R.,* 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts
3    can only adjudicate cases which the Constitution or Congress authorizes them to
4    adjudicate: cases involving diversity of citizenship, or those cases involving a federal
5    question, or where the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*
6    *of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). As courts of
7    limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular
8    case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated*
9    *Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Where an
10   attack on jurisdiction is a "facial" attack on the allegations of the complaint, the
11   factual allegations of the complaint are taken as true and the non-moving party is
12   entitled to have those facts construed in the light most favorable to him or her.
13   *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th
14   Cir. 1996). Additionally, because standing and ripeness pertain to federal courts'
15   subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to
16   dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.
17   2010).

18   Under Rule 12(b)(6) a court must dismiss a complaint if it does not "contain
19   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
20   on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*
21   *Twombly*, 550 U.S. 544, 570 (2007)). While the court must take all allegations of
22   material fact as true and construe them in the light most favorable to the nonmoving
23   party, "conclusory allegations of law and unwarranted inferences are insufficient to
24   avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.
25   2009). In short, "a complaint . . . must plead enough facts to state a claim to relief that
26   is plausible on its face." *Id.* While "the plausibility standard is not akin to a
27   'probability requirement,' [] it asks for more than a sheer possibility that a defendant
28   has acted unlawfully." *Brock v. Concord Auto. Dealership LLC,* No. 14-CV-01889-

HSG, 2016 U.S. Dist LEXIS 27380, at *1 (N.D. Cal. Mar. 3, 2016) (citing *Iqbal*, 556 U.S. at 678). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* citing *Twombly*, 550 U.S. at 555. Leave to amend should be denied where amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## IV.   ARGUMENT

### A.   Plaintiff Again Fails to Establish Article III Standing

Plaintiff's Amended Complaint again fails to establish Article III standing because he does not allege an injury-in-fact fairly traceable to Wells Fargo. To establish Article III standing, the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992)). To allege an injury in fact the plaintiff must establish that he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Carrico v. City and Cnty. of San Francisco,* 656 F.3d 1002, 1005 (9th Cir. 2011). Although related, concreteness and particularity are distinct concepts. *Spokeo, Inc.*, 136 S. Ct. at 1548. Particularized injuries "affect the plaintiff in a personal and individual way," while a "concrete injury must be de facto; that is, it must actually exist." *Id.* (quoting *Lujan*, 504 U.S. 555 at 560) (internal quotation marks omitted).

Here, Plaintiff's Amended Complaint contains no new factual allegations compared to those pleaded in his previous complaint. AC at 2-3. Like the original Complaint, Plaintiff alleges he did not receive a GAP refund, but does not allege he was entitled to a refund. *Id.* Although this Court dismissed the original Complaint in

part based on this pleading defect, Plaintiff did not include any allegations that he was entitled to a refund. *See* Order at 4 (dismissing the Complaint on the grounds that there are no allegations "that [Plaintiff] was entitled to receive such a refund or the basis for his entitlement."); *see also generally* AC.  Plaintiff's barebones Amended Complaint only alleges he paid off his RISC and "did not receive any type of GAP contract payments refunds" AC at 2-3. Strikingly, Plaintiff does not allege he was entitled to a refund nor allege any other type of injury. Thus, Plaintiff fails to allege he suffered any harm that was "concrete and particularized." Courts have routinely held that failure to articulate an injury, even by pro se litigants, are fatal and must be dismissed. *Aspen v. Newsom*, No. C 09-5589 CRB, 2010 U.S. Dist. LEXIS 67384, at *8 (N.D. Cal. July 7, 2010) (holding that a *pro se* plaintiff failed to establish standing because his alleged injury was purely hypothetical or conjectural that is proscribed by Article III standing requirements); *Meskimen v. Bank of N.Y. Mellon*, No. CV 17-5757-GW(FFMx), 2017 U.S. Dist. LEXIS 224123, at *6 (C.D. Cal. Dec. 21, 2017) (holding that a plaintiff failed to establish Article III standing because he did not allege a concrete harm and particularized harm). Because Plaintiff has not pleaded a concrete, particularized harm, he therefore does not have Article III standing. Accordingly, the Court should dismiss this Amended Complaint without leave to amend.

### B.     Plaintiff's Amended Complaint Fails to Comply with Rule 8

While this motion should be dismissed because Plaintiff has not established Article III standing, it also should be dismissed because the Amended Complaint also fails to meet the liberal pleading requirements under Rule 8. Particularly, the Amended Complaint does not include any new allegations providing a short and plain statement of *any* claim showing that he is entitled to relief. Under Rule 8(a), a plaintiff's burden at the pleading stage is relatively liberal and requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Achal v. Gate*

*Gourmet, Inc.*, 114 F. Supp. 3d 781, 793 (N.D. Cal. 2015) (quoting Fed. R. Civ. P. 8(a)). At a minimum, a claim capable of satisfying Rule 8(a)(2) must have factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Under Local Rule 16-4.1, a complaint must contain a summary of the statement of the claims Plaintiff has pleaded and plans to pursue, the elements required to establish each claim, and a brief description of key evidence in support of each claim.

Like the original Complaint, Plaintiff again does not set forth a cognizable legal theory or state any claims sufficient to show he is entitled to relief because he does not plead any new facts. AC at 2-3. The Amended Complaint once again does not list the elements of any claim, nor does it include facts alleging Wells Fargo is liable for any misconduct under these claims. *Id.* These vague assertions are grossly insufficient to put Wells Fargo on notice of what Plaintiff is complaining of or seeks to recover. *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal on the grounds that the plaintiff failed to include a "short plain statement of the claim showing that the pleader is entitled to relief."); *Morrison v. United States,* 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of *pro se* complaint on the grounds that the complaint contained a "confusing array of vague and undeveloped allegations" and did not allege sufficient facts or jurisdictional basis for any federal claim for relief); *Banks v. Song,* No. 17-CV-1460 JLS (WVG), 2017 U.S. Dist. LEXIS 177231, at *9-11 (S.D. Cal. Oct. 25, 2017) (holding that a brief one page complaint essentially requesting the court to construct the grounds for relief is conclusory and fails to meet the minimum pleading requirements under Rule 8). Plaintiff's Amended Complaint fails to cure the defects identified by the Court by failing to meet the minimum and liberal pleading requirements under Rule 8(a) sufficient to put Wells Fargo on notice of the claims against it. The Amended Complaint should therefore be dismissed with prejudice.

### C. Plaintiff's Amended Complaint Fails to State a Claim Under Rule 12(b)(6) for Each of His Four Claims

Notwithstanding the above, Plaintiff's Amended Complaint should be dismissed for the independent reason that Plaintiff again fails to adequately allege each of his claims. In his Amended Complaint, Plaintiff identifies four Causes of Action: 1) 15 U.S.C. Section 1601(a) and 1635 (referred hereinafter as "TILA"); 2) 41 U.S.C Section 6503 Breach or Violation of Required Contract Terms; and 3) MCL 492.102, Michigan Motor Vehicle Sales Finance Act ("MMSVFA").

### 1. Plaintiff's Amended Complaint Fails to Allege Claims Under the Truth in Lending Act, 15 U.S.C. §§ 1601, 1635

Plaintiff's purported TILA claims fail because he does not allege any section of the statute has been violated. Plaintiff appears to allege only one phrase in his Amended Complaint that supports his TILA claims, as Plaintiff states, "on or about January 28, 2019 Plaintiff ARELIOUS R. REED finance A 2015 Cadillac Escalade pursuant to Count I; U.S.C. Sec. 1601(a) and Count II; U.S.C. Sec. 1635. Using an online dealership at Doral Lincoln located in Doral, FL that use WELLS FARGO BANK, N.A. . ." AC at 2 (emph. omitted). There are no additional allegations to establish or support these claims anywhere in the Amended Complaint. Such conclusory and factually unsupported claims are insufficient. Section 1640 of TILA provides that "any creditor who fails to comply with any requirement imposed under this part, including any requirement under 1635 of this title, subsection (f) or (g) of subsection 1641 of this title, or part D or E of this subchapter with respect to any person is liable" for damages. 15 U.S.C. § 1640. Although Plaintiff identifies his TILA claims using provisions 15 U.S.C. §§ 1601(a) and 1635, when he neglected to do so in his previous complaint, this slight modification does not allow his TILA claims to survive because the phrase that he uses to support his two TILA claims fails to allege *any* specific facts that could be plausibly interpreted to implicate Wells Fargo. *See Green v. U.S. Bank, N.A.,* No. 19-CV-07448, U.S. Dist. LEXIS 50020, at *17 (N.D. Cal. Feb. 5, 2020) ("To allege plausibly a [TILA] claim, [plaintiff] must

also assert specific facts supporting his claim which implicate defendants. . .”). Plaintiff's failure to allege facts, elements, or assertions for any claim under TILA, warrants dismissal of his TILA claims, and the Court should dismiss such claims with prejudice.

### 2. Any Claims Under 41 U.S.C. § 6503 Fail Because the United States Government is Not a Party to the Agreements at Issue

Any claim under 41 U.S.C. § 6503 fails because Plaintiff does not allege, as he cannot, that the United States government is a party to the RISC or GAP Agreement. 41 U.S.C. Section 6502 provides the required terms in contracts *made by agencies of the United States* for the manufacture or furnishing of materials, supplies, articles, or equipment in amounts exceeding $10,000. 41 U.S.C. § 6502. 41 U.S.C. Section 6503 likewise governs such contracts where the United States is a party. Such claims that do not allege the United States as a party to the contracts at issue are fatally deficient. *See Pfeister v. Action Property Management, Inc.* No. 21-CV-04473-RS, 2021 U.S. Dist. LEXIS 213773, at *8-9 (N.D. Cal. Nov. 4, 2021) (holding that the plaintiff failed to state a claim under 41 U.S.C. Section 6503 because the federal government was not a party to the contract at issue). The Amended Complaint does not allege that the United States or an agency of the United States was a party to the RISC or GAP agreement. As such, Plaintiff has not and cannot state a claim premised on 41 U.S.C. § 6503. This claim must be dismissed with prejudice.

### 3. Any Claim Under Section 492.101 of Michigan's Motor Vehicle Sales Finance Act is Barred Because There is No Private Right of Action

Any claim under Section 492.101 of the MMVSFA, fails because there is no private right of action. Courts have held that there are no broad civil remedies available under the MMVSFA. *Lozada v. Dale Baker Oldsmobile Inc.*, 136 F.Supp.2d 719, 726 (W.D. Mich. 2001) (holding there is no broad general civil remedy described for violations of the statute). In *Lozada,* the court rejected plaintiff's contention that the MMVSFA provided civil remedies for any violation and instead held that private

rights of action were limited to circumstances where a plaintiff alleged a "prohibited charge." *Id.; see also Calkins v. Midland Funding NCC-2 Corp.*, 412 F.Supp.2d 699, 705 (W.D. Mich. 2006) (holding that the MMVSFA did not expressly provide a private cause of action for the violation of statute that plaintiff alleged, and a private remedy could only be recovered to recoup or void prohibited charges.); *King v. Ford Motor Credit Co.*, 257 Mich.App. 303, 318 (Mich.Ct.App.2003) (noting that the MMVSFA's criminal penalty and statutory history indicated the statute was regulatory in nature). Plaintiff's Amended Complaint does not allege any "prohibited charges" associated with the loan agreement or anywhere else in his Complaint. Thus, there is no private right of action available to Plaintiff under the MMVSFA. Accordingly, the claim in the Amended Complaint under the MMVSFA must be dismissed.

## V.    CONCLUSION

For all of the foregoing reasons, Wells Fargo respectfully requests that the Court grant this Motion and dismiss Plaintiff's Amended Complaint in its entirety without leave to amend because of his failure to cure the deficiencies in his previous complaint and any further amendment would be futile.

DATED: February 28, 2022          **MCGUIREWOODS LLP**


By:    /s/ Jenny Yi
          Jenny Yi

          Attorneys for Defendant
          Wells Fargo Bank, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, the foregoing **DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

I further certify that on February 28, 2020, I caused to be served the foregoing documents by Federal Express Overnight Delivery

Arelious Reed 1515 Fort St.
Unit 96
Lincoln Park MI 48146

/s/ Jenny Yi
Jenny Yi

CERTIFICATE OF SERVICE