UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-07545-JVS-MRW                               Date   April 21, 2022

Title   Arelious Reed v. Wells Fargo Bank, N.A.

---

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss and Order to Show Cause</u>**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the First Amended Complaint ("FAC") of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. 37. The motion is unopposed. Additionally, the Court on its own motion ordered Reed to show cause in writing why this action should not be dismissed for lack of prosecution. Order to Show Cause ("OSC"), Dkt. 42. Reed submitted a filing in response to the OSC. Dkt. 44.

After the Court posted its tentative order, Reed submitted two additional filings. <u>See</u> Dkts. 47–48. The Court reviewed his filings and finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **DISMISSES** the FAC and **GRANTS** Reed twenty-one days' leave to amend his complaint.

Further, the Court **ORDERS** Reed to meet and confer with Wells Fargo and submit a Joint Rule 26(f) report, with a jointly completed Exhibit A, within twenty-one days of entry of this order. If Reed fails to do so, the Court will dismiss his complaint with prejudice for lack of prosecution.

**I. BACKGROUND**

Reed alleges that he purchased a 2015 Cadillac Escalade using an online dealership at Doral Lincoln located in Doral, FL, on or about January 28, 2019. First Amended Complaint ("FAC"), Dkt. 31. To finance his purchase, he allegedly entered into a Retail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07545-JVS-MRW | Date | April 21, 2022 |
|---|---|---|---|
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

Installment Sale Contract with a three-year term, which involved 36 months of payments with a GAP contract assigned to Wells Fargo. Id. Reed alleges that he paid the loan in full on or around September 13, 2019, but did not receive any GAP contract payment refunds from Wells Fargo for paying off the loan early. Id.

On September 14, 2021, Reed filed his initial complaint against Wells Fargo. See Dkt. 1. On January 11, 2022, the Court granted Wells Fargo's motion to dismiss the complaint and granted Reed twenty-one days leave to file an amended complaint. See Dkt. 30. On January 19, 2022, Reed filed the FAC. See Dkt. 31. The FAC appears to assert causes of action under the following provisions: (1) "15 U.S.C. Section 1601(a)"; (2) "15 U.S.C. Section 1635"; (3) "MCL 492.102 Motor Vehicle Sales Finance Act"; (4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms." Reed is seeking relief "not to exceed $4,300,000.00 or $4,300,000.00 whichever is greater." Id.

On February 28, 2022, Wells Fargo filed a motion to dismiss Reed's FAC. See Dkt. 37. On March 14, 2022, Wells Fargo filed a notice of Reed's non-opposition to the motion to dismiss. See Dkt. 39. While Reed has made other filings during this time period, he has not responded to the motion to dismiss.

## II. LEGAL STANDARD

*A.    Article III Standing*

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | April 21, 2022 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

and internal quotation marks omitted).

  B. Rule 8

  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal quotations and citations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis omitted).

  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

### III. DISCUSSION

  A. Motion to Dismiss

  First, Wells Fargo contends that the FAC lacks the factual allegations necessary to establish standing. Mot. at 5–6. Like Reed's initial complaint, the FAC alleges that Reed did not receive any GAP contract repayment refunds from Wells Fargo when he paid off his loan early. See Compl. at 3; FAC at 2–3. However, it again fails to allege that Reed was entitled to receive such a refund or the basis for his entitlement. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-07545-JVS-MRW                                    Date   April 21, 2022

Title       Arelious Reed v. Wells Fargo Bank, N.A.

previously dismissed Reed's initial complaint for this exact flaw, and granted Reed leave to amend to address the issue. See Dkt. 30 at 4. Despite the Court's clear identification of what Reed must do on amendment, the FAC does not add any new allegations to support standing.

Wells Fargo also maintains that Reed's complaint should be dismissed for failure to comply with Rule 8. Mot. at 6–7. The Court previously dismissed Reed's complaint for failure to comply with Rule 8 because it was "devoid of sufficient factual allegations for the Court to draw a reasonable inference that Wells Fargo is liable for the alleged misconduct." Dkt. 30 at 4. The FAC merely adds parenthetical citations to specific statutes throughout the same brief paragraph of allegations. It does not articulate what misconduct Wells Fargo allegedly engaged in, nor does it provide any additional factual allegations for the Court to draw a reasonable inference that Wells Fargo is liable for any wrongdoing. See Iqbal, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief.") (quoting Fed. R. Civ. P. 8(a)(2)). The Court again finds that Reed has failed to satisfy Rule 8 because the FAC does not put Wells Fargo on notice of the claims against it.

Accordingly, the Court finds that the FAC is subject to dismissal for lack of standing and for failure to meet the Rule 8 pleading requirements.

    *B.*     *Leave to Amend*

Wells Fargo requests that this action be dismissed with prejudice. Mot. at 1. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:21-cv-07545-JVS-MRW        Date   April 21, 2022

Title    Arelious Reed v. Wells Fargo Bank, N.A.

the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

The Court finds that granting leave to amend is proper in this case in light of Reed's pro se status, the policy favoring amendment, and the fact that it appears possible that Reed may correct the defects in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (discussing the importance of liberally granting pro se litigants leave to amend). Here, the Court does not find that there was undue delay given that Reed's complaint has only been amended once. The Court is not convinced that the action was filed in bad faith. The Court is not convinced that any amendments would be futile or that Wells Fargo will be unduly prejudiced. However, the Court encourages Reed to carefully address the flaws identified in his pleadings by Wells Fargo and the Court. If he again fails to correct the same deficiencies in his complaint, then the Court would not be inclined to grant leave to amend a third time.

Therefore, the Court **GRANTS** Reed twenty-one days' leave to amend his claims.

C.   *Order to Show Cause*

On January 28, 2022, the Court issued an order setting the Rule 26(f) scheduling conference for March 28, 2022, and a deadline of March 21, 2022, for filing the Joint Rule 26 Meeting Report. See Dkt. 32. As part of that submission, the parties were required to complete the attached Exhibit A and propose a schedule of pretrial dates. See Dkt. 32 at 4, 8. On March 21, 2022, Wells Fargo filed a status report, and indicated that Reed would be filing his own Rule 26 report separately. See Dkt. 41. On April 1, 2022, Wells Fargo filed its proposed schedule of pretrial dates without any input from Reed. See Dkt. 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:21-cv-07545-JVS-MRW                    Date   April 21, 2022

Title   Arelious Reed v. Wells Fargo Bank, N.A.

On March 14, 2022, Reed submitted a separate Rule 26(f) status report, but omitted Exhibit A. See Dkt. 43. On March 21, 2022, the Court entered the OSC, which required Reed to show cause "why this action should not be dismissed for lack of prosecution." OSC, Dkt. 42. The Court emphasized that filing of the "the Joint Rule 26(f) Report *with the Court's Attached Exhibit A*" prior to April 4, 2022, would be considered as an appropriate response. OSC, Dkt. 42 (emphasis in original; bolding omitted). On March 23, 2022, the Court received Reed's response to the OSC. See Dkt. 44. However, Reed's response again omitted the required Exhibit A and did not contain any explanation of why he was unable to comply with the Court's deadlines. In response to the Court's tentative ruling Reed submitted Exhibit A, but only included his proposed dates. He did not provide any explanation of why he was unable to cooperate with Wells Fargo to submit a joint filing, or why he was unable to comply with the Order to Show Cause in a timely fashion.

In light of the fact that Reed is a pro se litigant, the Court will give him a final opportunity to comply with Court's case management schedule and the OSC. The Court **ORDERS** Reed to meet and confer with Wells Fargo and submit a *Joint* Rule 26(f) report, with an attached *jointly* completed Exhibit A, within twenty-one days of entry of this order. If Reed fails to do so, the Court will dismiss his complaint with prejudice for lack of prosecution. The Court expects full cooperation on the part of Wells Fargo.

### IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the FAC and **GRANTS** Reed twenty-one days' leave to amend his complaint.

Further, the Court **ORDERS** Reed to meet and confer with Wells Fargo and submit a Joint Rule 26(f) report, with a jointly completed Exhibit A, within twenty-one days of entry of this order. If Reed fails to do so, the Court will dismiss his complaint with prejudice for lack of prosecution.

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | April 21, 2022 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |