FILED
CLERK, U.S. DISTRICT COURT
5/17/22
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ARELIOUS R. REED

    PLAINTIFF,        CASE NO. 2:21- cv- 07545-JVS-MRW

V.                        HONORABLE JUDGE: James V. Selna
                          MAGISTRATE JUDGE: Michael R. Wilner

6/13/22

WELLS FARGO BANK N.A. D/B/A

WELLS FARGO DEALER SERVICES, INC.,

    DEFENDANT.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S WELLS FARGO N.A.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES, ARELIOUS REED plaintiff, by and though plaintiff to move this Honorable United States District Court Central District of California for his Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike Defendant's WELLS FARGO N.A.'S Motion To Dismiss Plaintiff's Second Amended Complaint, pursuant to **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1) and (2) and/or Federal Rules of Civil Procedure Rule 12 (f)(1)** as FOLLOWS.

## Table of Contents

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES.......................................................................ii,iii

JURISDICTIONAL STATEMENT................................................................1

STANDARD OF REVIEW.............................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES................................3,4

STATEMENT OF FACTUAL FACTS.........................................5,6,7,8,9,10,11

ARGUMENT.......................................................................................11,12,13,14

CONCLUSION AND RELIEF REQUESTED ............................................14

## Table of Authorities

**Cases**

Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 113–16 (1987)..............................11

Armando Herrera, et. al, v. Wells Fargo Bank, N.A., Case No. 8:18-cv-00332-JVS-MRW......13

Burns v. Equilease Corp., 357 So. 2d 786, 787 (Fla. 3d DCA 1978).................................7

Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967)..................................................13

PH II, Inc. v. Superior Court (1995) 33 Cal.App.4th 1680, 1682-83....................................5

Varandoe v. Union Planters Mortg. Corp., 898 So. 2d 992 (Fla. 5th DCA 2005)..................10

**Statues**

Consumers Legal Remedies Act Section 1770..................................................................11

Consumers Legal Remedies Act Section 1780..................................................................11

Title 12 Code of Federal Regulations Section 226.21........................................................6

16 Code of Federal Regulations Section 433.2..................................................................8

Title 16 Code of Federal Regulations Section 433.3..........................................................9

Federal Rules of Civil Procedure Rule 8............................................................................5

Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1) and (2).....................1,14

Federal Rules of Civil Procedure Rule 12 (f)(1).........................................................1,12,14

15 U.S.C. Section 1601......................................................................................................13

15 U.S.C. Section 1635......................................................................................................13

28 U.S.C. Section 1331......................................................................................................1

28 U.S. Code Section 1404................................................................................................11

28 U.S. Code Section 1406................................................................................................11

ULC Section 17200 California's Unfair Competition Law................................................11

## JURISDICTIONAL STATEMENT

The United States District Court Central District of California shall have original jurisdiction over these civil actions pursuant to **28 U.S.C. Section 1331,** having the Plaintiff, Arelious Reed timely filed his Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike Defendant's WELLS FARGO N.A.'S Motion To Dismiss Plaintiff's Second Amended Complaint, pursuant to **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1) and (2),** and/or under **Federal Rules of Civil Procedure Rule 12 (f)(1),** on May 16, 2022.

## STANDARD OF REVIEW

The interpretation of a federal statute is a question of law reviewed by the court.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about January 19, 2022, Plaintiff Arelious Reed, has filed his Amended Complaint in the United States District Court Central District of California. On or about January 28, 2022, Hon. Judge James V. Selna, hereby submit a Joint Status Report pursuant to the Court's Initial Order Setting Rule 26(f) Scheduling Conference set for March 28, 2022. On or about February 14, 2022, Plaintiff has sent out his Joint Rule Report pursuant to Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26 by email to the Defendant's attorney Jenny Yi with his initial disclosure, (all evidence that was in the plaintiff possession to the defendant), Plaintiff Arelious Reed, having follow the Courts Order's under Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26. On or about February 18, 2022, the Defendants attorney Jenny Yi, moved to dismiss Plaintiff first Amended Complaint Defendant's attorney Wells Fargo has not complied with Local Rule 7.3. Accordingly, the Court DENIES the Defendant's motion to dismiss without prejudice to refiling. On or about March 21, 2022, Honorable US District Judge James V. Selna, the Court, on its own motion, hereby ORDERS Plaintiff to Show Cause Re Dismissal for Lack of Prosecution, in writing no later than April 04, 2022. On or about April 01, 2022 the Defendant Wells Fargo Bank, N.A.. filed their Status Report. On or about April 06, 2022, the court clerk sent out A NOTICE OF CLERICAL ERROR; Due to clerical error Re: Response for [Docket No. 44] incorrect Filed Date. On or about April 07, 2022, The Court has posted its tentative ruling on the Defendant Motion to Dismiss [Docket No. 37] & Plaintiff Motion for Order to Show Cause [Docket No. 44] and VACATES the Scheduling Conference set for 4/11/2022 at 10:30 am. On or about April 11, 2022, Plaintiff filed his Motion to Correct Clerical Mistakes. On or about

3

April 13, 2022, Corrections to Clerical Mistakes has been made by the clerk of the Court. On or about April 21, 2022, the Court DISMISSES the Plaintiff's First Amended Complaint and GRANTS Plaintiff's twenty-one days' leave to amend his complaint. Furthermore, the Court's ORDERS Plaintiff to meet and confer with the Defendants Wells Fargo and submit a Joint Rule 26(f) report, with a jointly completed Exhibit A, within twenty-one days of entry of this order. If Plaintiff fails to do so, the Court will dismiss his complaint with prejudice for lack of prosecution. On or about April 25, 2022, Plaintiff filed his Second Amended Complaint and Summons with the Court and sent out A copy of certified mail and email to the Defendants WELLS FARGO BANK N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., attorney Jenny Yi. On or about March 02, 2022, the Defendants attorney Jenny Yi, call and emailed Plaintiff, ARELIOUS R. REED and stated "I intent on filing a motion to dismiss your, Second Amended Complaint. As I mentioned, it is the Defendants WELLS FARGO BANK N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., position that your (Plaintiff), Second Amended Complaint still contains the same fatal defects as your previously filed complaints. I the Defendants attorney requested that you voluntarily dismiss your action based on those defects" Plaintiff stated "No I will be filing a Motion to Strike your Motion to Dismiss my Second Amended Complaint both parties confirm. On or about March 09, 2022, the Defendants Attorney Jenny Yi, filed for their Motion to Dismiss Plaintiff Second Amended. On or about May 12, 2022, Plaintiff and the Defendants has filed their JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER with the Court. On or about May 16, 2022, Plaintiff has file for his Motion to Strike Defendants Motion to Dismiss Plaintiff Second Amended Complaint.

## STATEMENT OF FACTUAL FACTS

1. On or about May 09, 2022, the Defendant's Attorney Jenny Yi (SBN 314540), filed their Motion to Dismiss as an answer to Plaintiff ARELIOUS R. REED, Second Amended Complaint, under Defendants **IV. ARGUMENTS, A.** in their **TABLE OF CONTENTS** on page 7, has stated that "**Plaintiff's Second Amended Complaint Fails to Comply with Rule 8.** The SAC should be dismissed because Plaintiff again fails to meet the liberal pleading requirements under Rule 8 for any of the listed claims. Particularly, the SAC, like the previous complaints, does not include any allegations providing a short and plain statement of any claim showing that he is entitled to relief." However, Plaintiff has complied with **Federal Rules of Civil Procedure Rule 8** the United States District Court Central District of California already has original jurisdiction over this civil matter, Plaintiff has made a short and plain statement in his Second Amended Complaint showing that, the Plaintiff is entitled to relief and Plaintiff ARELIOUS R. REED, requested a demand for relief sought. Please see Plaintiff Second Amended Complaint [Docket No. 50] which, Plaintiff is requesting that the Honorable United States District Court Central District of California, under the Defendants **IV. ARGUMENTS, A.** in their **TABLE OF CONTENTS** on page 7, has stated that "**Plaintiff's Second Amended Complaint Fails to Comply with Rule 8.** The SAC should be dismissed because Plaintiff again fails to meet the liberal pleading requirements under Rule 8 for any of the listed claims. Particularly, the SAC, like the previous complaints, does not include any allegations providing a short and plain statement of any claim showing that he is entitled to relief." To be stricken down as an immaterial, impertinent defense. Please see **PH II, Inc. v. Superior Court (1995) 33 Cal.App.4th 1680, 1682-83**; Whereas, the Court of

5

Appeal, First District, Division 5, California, let a peremptory writ of mandate issue commanding respondent superior court to vacate its order sustaining the demurrer to a portion of the two causes of action, and to enter a new and different order overruling the demurrer, to prevent any further delay of the proceedings.

2. In the Defendants Motion to Dismiss Plaintiff's Second Complaint under the Defendants **IV. ARGUMENTS, C.** in their **TABLE OF CONTENTS** on page 12, the Defendant has stated that **"Plaintiff Fails to Plead Facts to State a Claim for Each of the Eight New Claims Alleged in the Second Amended Complaint.** In addition to the existing deficient claims, Plaintiff now asserts eight new claims that are also deficiently pled. SAC at 2. Plaintiff's "Title 12 Code of Federal Regulations Section 226.21" claim fails because he neglects to allege facts establishing the necessary elements that his account contained a credit balance greater than $1 and that he submitted a written request to Wells Fargo. Under **Title 12 Code of Federal Regulations Section 226.21** clearly states that "**Treatment of credit balances.** When a credit balance in excess of $1 is created in connection with a transaction (through transmittal of funds to a creditor in excess of the total balance due on an account, through rebates of unearned finance charges or insurance premiums, or through amounts otherwise owed to or held for the benefit of a consumer), the creditor shall: (a) Credit the amount of the credit balance to the consumer's account; (b) Refund any part of the remaining credit balance, upon the written request of the consumer; and (c) Make a good faith effort to refund to the consumer by cash, check, or money order, or credit to a deposit account of the consumer, any part of the credit balance remaining in the account for more than 6 months, except that no further action is required if the consumer's current location is not known to the creditor and cannot be traced

through the consumer's last known address or telephone number." Although, the Defendants was collecting unearned GAP fees and GAP premiums from Plaintiff for Guaranteed Automobile Protection Waivers know as GAP Waiver and Plaintiff was owed an insurance GAP premium, refund credit balance from the Defendants that excess more than $1. Plaintiff is requesting that the Honorable United States District Court Central District of California, under the Defendants **IV. ARGUMENTS, C.** in their **TABLE OF CONTENTS** on page 12, when the Defendant has stated that **"Plaintiff Fails to Plead Facts to State a Claim for Each of the Eight New Claims Alleged in the Second Amended Complaint.** In addition to the existing deficient claims, Plaintiff now asserts eight new claims that are also deficiently pled. SAC at 2. Plaintiff's "Title 12 Code of Federal Regulations Section 226.21" claim fails because he neglects to allege facts establishing the necessary elements that his account contained a credit balance greater than $1 and that he submitted a written request to Wells Fargo." To be stricken down as an insufficient defense. Please see **Burns v. Equilease Corp., 357 So. 2d 786, 787 (Fla. 3d DCA 1978)**; Whereas, the District Court of Appeal of Florida, Third District; Appellee's complaint sought a judgment against appellants for the deficiency which resulted when certain collateral was sold. Appellants' answer asserted that a deficiency judgment could not be rendered against them because appellee failed to provide adequate notice of the time and place of the sale. Appellee moved to strike this defense on the ground that it did not constitute a valid defense to the complaint. The trial court granted appellee's motion to strike; thereafter, it granted partial summary judgment on liability in favor of appellee.

3. The Defendants WELLS FARGO BANK N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., in Defendants Motion to Dismiss Plaintiff's Second Complaint under the Defendants **IV. ARGUMENTS, 4.** in their **TABLE OF CONTENTS** on page 15, the Defendant has stated that "**The Claims Under 16 C.F.R. §§ 433.2 and 433.3 Fail Because They Do Not Provide a Right of Action**. Plaintiff's claims under 16 C.F.R. §§ 433.2(a) and 433.3 ("Holder Rule") fail as a matter of law because there is no private right of action. The Holder Rule expressly states in Section 433.2(a) that failure to provide specific language described in the statute in consumer credit contracts is an unfair or deceptive practice within the meaning of the FTC Act. 16 C.F.R. § 433.2. These claims fail because FTC Act violations of can only be pursued by the FTC." Under **Title 16 Code of Federal Regulations Section 433.2** clearly states that "**433.2 Preservation of consumers' claims and defenses, unfair or deceptive acts or practices.** In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of section 5 of that Act for a seller, directly or indirectly, to: (a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH

8

THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

or,

(b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. And **Title 16 Code of Federal Regulations Section 433.3** clearly states that "**433.3 Exemption of sellers taking or receiving open end consumer credit contracts before November 1, 1977 from requirements of § 433.2(a).** (a) Any seller who has taken or received an open end consumer credit contract before November 1, 1977, shall be exempt from the requirements of 16 CFR part 433 with respect to such contract provided the contract does not cut off consumers' claims and defenses. (b) Definitions. The following definitions apply to this exemption:

(1) All pertinent definitions contained in 16 CFR 433.1. (2) Open end consumer credit contract: a consumer credit contract pursuant to which "open end credit" is extended. (3)

9

"Open end credit": <u>consumer</u> credit extended on an account pursuant to a plan under which a <u>creditor</u> may permit an applicant to make purchases or make loans, from time to time, directly from the <u>creditor</u> or indirectly by use of a credit card, check, or other device, as the plan may provide. The term does not include negotiated advances under an open-end real estate mortgage or a letter of credit. (4) <u>Contract</u> which does not cut off consumers' claims and defenses: A <u>consumer credit contract</u> which does not constitute or contain a negotiable instrument, or contain any waiver, limitation, term, or condition which has the effect of limiting a <u>consumer</u>'s right to assert against any holder of the <u>contract</u> all legally sufficient claims and defenses which the <u>consumer</u> could assert against the <u>seller</u> of goods or services purchased pursuant to the <u>contract</u>.

Plaintiff is requesting that the Honorable United States District Court Central District of California, under the Defendants **IV. ARGUMENTS, 4.** in their **TABLE OF CONTENTS** on page 15, the Defendant has stated that "**The Claims Under 16 C.F.R. §§ 433.2 and 433.3 Fail Because They Do Not Provide a Right of Action**. Plaintiff's claims under 16 C.F.R. §§ 433.2(a) and 433.3 ("Holder Rule") fail as a matter of law because there is no private right of action. The Holder Rule expressly states in Section 433.2(a) that failure to provide specific language described in the statute in consumer credit contracts is an unfair or deceptive practice within the meaning of the FTC Act. 16 C.F.R. § 433.2. These claims fail because FTC Act violations of can only be pursued by the FTC." To be stricken down as an insufficient defense. Please see **Varandoe v. Union Planters Mortg. Corp., 898 So. 2d 992 (Fla. 5th DCA 2005)**; Whereas, the District Court of Appeal of Florida, Fifth District, after reviewing Varnadoe's pleadings and attachments, we agree with the trial court. We affirm its decision to strike pursuant to rule

1.140(f) because the entire pleadings were wholly irrelevant to Union Planters' cause of action.

## ARGUMENT

1. Plaintiff, ARELIOUS R. REED is requesting that this Court use it's on discretion on stricken down the Defendants defenses, pursuant to **Federal Rule of Civil Procedure Rule 12 (f)(1)** on Plaintiff's **Claim VIIII: ULC Section 17200 California's Unfair Competition Law; Claim X: Consumers Legal Remedies Act Section 1770; Claim XI: Consumers Legal Remedies Act Section 1780;** under the Defendants **IV. ARGUMENTS, 3.** in their **TABLE OF CONTENTS** on page 14, the Defendant has stated that **"The California Unfair Competition Law and California Consumer Legal Remedies Act Do Not Apply Because the Alleged Wrongful Action Did Not Occur in California.** Plaintiff's UCL and CLRA claims fails as a matter of law because he does not allege that any wrongful action occurred in California. It is well established that UCL and CLRA do not apply to actions occurring outside of California that injure non-residents." However, Plaintiff ARELIOUS R. REED, originally filed his Complaint on or about September 14, 2021, in the United States District Court Eastern District of Michigan and this Honorable Court, on or about September 21, 2021, on its own pursuant to **28 U.S.C. Section 1404- Change of venue** and/or pursuant to **28 U.S.C. Section 1406**, transferred venue from Michigan Eastern to CENTRAL DISTRICT OF CALIFORNIA, please see **case 2:21-cv-07545**, that the Plaintiff originally filed his Complaint in the United States District Court Eastern District of Michigan and this honorable court has transferred this civil matter to the correct original jurisdiction. Please see **Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 113–16 (1987)**; Whereas the United States

Supreme Court stated that, Petitioner manufactures tire valve assemblies in Japan and sells them to several tire manufacturers, including Cheng Shin Rubber Industrial Co. (Cheng Shin). The sales to Cheng Shin, which amounted to at least 100,000 assemblies annually from 1978 to 1982, took place in Taiwan, to which the assemblies were shipped from Japan. Cheng Shin incorporates the assemblies into its finished tires, which it sells throughout the world, including the United States, where 20 percent of its sales take place in California. Affidavits indicated that petitioner was aware that tires incorporating its assemblies would end up in California, but, on the other hand, that it never contemplated that its sales to Cheng Shin in Taiwan would subject it to lawsuits in California. Nevertheless, in 1979, a product liability suit was brought in California Superior Court arising from a motorcycle accident allegedly caused by defects in a tire manufactured by Cheng Shin, which in turn filed a cross-complaint seeking indemnification from petitioner. Although the main suit was eventually settled and dismissed, the Superior Court denied petitioner's motion to quash the summons issued against it. The State Court of Appeal then ordered that the summons be quashed, but the State Supreme Court reversed, finding that petitioner's intentional act of placing its assemblies into the stream of commerce by delivering them to Cheng Shin in Taiwan, coupled with its awareness that some of them would eventually reach California, were sufficient to support state court jurisdiction under the Due Process Clause. The judgment is reversed, and the case is remanded.

2. Furthermore, Plaintiff, ARELIOUS R. REED is requesting that this Court use it's on discretion on stricken down the Defendants defenses, pursuant to **Federal Rule of Civil Procedure Rule 12 (f)(1)** under the Defendants **IV. ARGUMENTS, B. 1.** in their

**TABLE OF CONTENTS** on page 9, the Defendant has stated that "**Plaintiff's Second Amended Complaint Fails to Allege Claims Under the Truth in Lending Act, 15 U.S.C. §§ 1601, 1635**. Any claim for damages under the Truth in Lending Act ("TILA") is time-barred because Plaintiff alleges, he paid his loan in full on or about September 13, 2019, placing Wells Fargo's alleged conduct beyond TILA's one-year limitations period. Claims seeking damages under TILA must be brought "within one year from the date of the occurrence of the violation." Although, the Plaintiff did not have any knowledge of this civil matter until Plaintiff was name is A Class-Action lawsuit, please see **Armando Herrera, et. al, v. Wells Fargo Bank, N.A., Case No. 8:18-cv-00332-JVS-MRW**, whereas Plaintiff ARELIOUS R. REED, was given the notice to option-out on or before October 06, 2021, Plaintiff decided to option-out on or about August 25, 2021 and decided to pursue this legal civil matter as a Pro se litigant and a Class-Action lawsuit has already been filed under **Armando Herrera, et. al, v. Wells Fargo Bank, N.A., Case No. 8:18-cv-00332-JVS-MRW**, which made the Plaintiff ARELIOUS R. REED statute of limitations tolled. Nevertheless, Plaintiff believe that his **Claims II and Claim III Under the Truth in Lending Act, 15 U.S.C. Section 1601 and 15 U.S.C. Section 1635** has been tolled because he did not have any knowledge of the fact until after he receive a notice in the United States Postal Service mail, that he was name in a Class-Action lawsuit on the Plaintiff's side. Please see **Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967)**; Whereas, the United States Court of Appeals, Eighth Circuit has stated that, We also note in Dubin, supra, that the statute of limitations had expired before the transfer was made and the court held that the statute was effectively tolled by the commencement of the action in the transferor state prior to the running of the statute. We likewise hold in

the case at bar that the statute of limitations was tolled by the timely commencement of the action in Illinois. The judgment of the District Court is affirmed.

## CONCLUSION AND RELIEF REQUESTED

Wherefore, the foregoing reasons, Plaintiff ARELIOUS R. REED, respectfully move this Honorable United States District Court Central District of California for his Memorandum of Points and Authorities In Support of Plaintiff Motion To Strike Defendant's WELLS FARGO N.A.'S Motion To Dismiss Plaintiff's Second Amended Complaint, pursuant to **Federal Rules of Civil Procedure Rule 12 (a),(1),(A)(i)(ii),(f) (1) and (2)**, and/or under **Federal Rules of Civil Procedure Rule 12 (f)(1)** GRANTING IN PART against the Defendant, WELLS FARGO BANK N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., to stricken down its Motion to Dismiss IN PART.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of May 2022, I will file the foregoing with the Clerk of Court with Overnight Priority Mail Express and by emailing to the Defendant's Attorney, Jenny Yi (SBN 314540), which will then send out a notification of such filing to the following on record:

MCGUIREWOODS LLP
Attorney Jenny Yi (SBN 314540)
Two Embarcadero Center Suite 1300
San Francisco, CA 94111-3821
Phone: (415) 844-9944
Email: jyi@mcguirewoods.com

Respectfully submitted,

X  A. Reed
Plaintiff, ARELIOUS REED
1515 Fort Street Unit 96
Lincoln Park, MI 48146
(313) 530-5189
Email: reedarel@gmail.com

