1 | **McGuireWoods LLP**
Alicia A. Baiardo (SBN 254228)
2 | abaiardo@mcguirewoods. com
Jenny Yi (SBN 314540)
3 | jyi@mcguirewoods. com
Two Embarcadero Center
4 | Suite 1300
San Francisco, CA 94111-3821
5 | Telephone: 415. 844. 9944
Facsimile: 415. 844. 9922
6 |
7 | Attorneys for Defendant
Wells Fargo Bank, N. A.

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 |

12 | ARELIOUS REED

13 |            Plaintiffs,

14 |     vs.

15 | WELLS FARGO BANK, N. A,

16 |            Defendant.

17 |

| | |
|---|---|
| ARELIOUS REED | CASE NO. 2:21-cv-07545-JVS-MRW |
| Plaintiffs, | **DEFENDANT WELLS FARGO N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |
| vs. | |
| WELLS FARGO BANK, N. A, | **Date:    TBD** |
| Defendant. | **Time:    1:30 p. m.** |
| | **Crtrm. : 10C** |
| | **Judge:  Honorable James V. Selna** |

18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION .................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ........................... 2

     A.    Plaintiff's Original Complaint and Dismissal ............................. 2

     B.    Plaintiff's Amended Complaint ................................................... 3

     C.    Order to Show Cause and Dismissal of the Amended
           Complaint ..................................................................................... 4

     D.    Plaintiff's Second Amended Complaint ....................................... 5

III.   LEGAL STANDARD ............................................................................. 6

IV.    ARGUMENT .......................................................................................... 7

     A.    Plaintiff's Motion to Strike Is Inappropriate Because
           Motions to Strike Under Rule 12(f) Apply Only to
           Pleadings. .................................................................................... 7

     B.    In the Alternative, if Plaintiff's Motion is Construed as an
           Opposition to Wells Fargo's Motion to Dismiss, the SAC
           Still Fails and Should be Dismissed With Prejudice. ................. 8

          1.    If the Court Interprets Plaintiff's Motion as an
                Opposition, Plaintiffs Arguments that Wells Fargo
                has Raised Impermissible or Irrelevant "Defenses"
                Do not Address the Issues in Wells Fargo's Motion
                to Dismiss. ....................................................................... 8

          2.    Plaintiff's California Unfair Competition Law and
                Consumer Legal Remedies Act Claims Fail Because
                They Do Not Apply Extraterritorially. ........................... 10

          3.    Plaintiff Cannot Rely on New Facts in His
                Opposition that are Absent from his Second
                Amended Complaint in Arguing his TILA claims
                are not Time-barred. ........................................................ 12

V.     CONCLUSION .................................................................................... 13

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Cases**

4

*In re 2TheMart.com, Inc. Sec. Lit.*,
5
    114 F.Supp.2d 995 (C.D. Cal. 2000)................................................................6, 7

6

*Asahi Metal Indus. Co. V. Super. Ct.*,
7
    480 U.S. 102 (1987) ............................................................................................11

8

*Balistreri v. Pacifica Police Dep't*,
9
    901 F.2d 696 (9th Cir. 1988) ...........................................................................10

10

*Burns v. Equilease Corp.*,
11
    357 So. 2d 786 (Fla. 3d DCA 1978).....................................................................9

12

*In re Capacitors Antitrust Litig.*,
13
    106 F. Supp. 3d 1051 (N.D. Cal. 2015)...............................................................2

14

*Colaprico v. Sun Microsystems, Inc.*,
    758 F.Supp. 1335 (N.D. Cal. 1991).....................................................................6

15

*Gerritsen v. Warner Bros. Ent'mt. Inc.*,
16
    112 F. Supp. 3d 1011 (C.D. Cal. 2015)..............................................................13

17

*Herrera, et al. v. Wells Fargo Bank, N.A., et al.*,
18
    Case No. 8:18-cv-00332-JVS-MRW .........................................................2, 12

19

*Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice*
20
    *Cream, Inc.*,
    C-09-5815 CW, 2010 U.S. Dist. LEXIS 99930 (N.D. Cal. Sept. 10,
21
    2010), aff'd, 487 Fed.Appx. 362 (9th Cir.2012) ..............................................10

22

*McKinnon v. Dollar Thrifty Auto. Grp., Inc.*,
23
    No. 12-4457 SC, U.S. Dist. LEXIS 29095 (N.D. Cal. Mar. 4, 2013)...............10

24

*Morrison v. United States*,
25
    270 F. App'x 514 (9th Cir. 2008) .....................................................................10

26

*Peralta v. Countrywide Home Loans, Inc.*,
    No. C 09-3288 PJH, 2009 U.S. Dist. LEXIS 112387 (N.D. Cal.
27
    Nov. 16, 2009) ......................................................................................................7

28

ii

*PH II, Inc. v. Superior Court*,
    33 Cal.App.4th 1680 (1995) ................................................................. 9

*Schneider v. California Dept. of Corrections*,
    151 F.3d 1194 (9th Cir. 1998) ............................................................. 12

*Schulenburg v. Handel's Enterprises, Inc.*
    No. 18CV513-GPC(WVG), 2018 U.S. Dist. LEXIS 101729 (S.D.
    Cal. June 18, 2018) ........................................................................... 13

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ................................................................ 7

*Taylor v. Bosco Credit LLC*,
    840 F. App'x 125 (9th Cir. 2020) ....................................................... 12

*In re Tesla, Inc. Sec. Litig.*,
    477 F. Supp. 3d 903 (N.D. Cal. 2020) ................................................... 7

*In re Turbodyne Technologies, Inc. Sec. Litig.*,
    No. CV 99-00697 MMM, 2000 U.S. Dist. LEXIS 23020 (C. D. Cal.
    Mar. 15, 2000) ................................................................................. 12

*Varandoe v. Union Planters Mortg. Corp.*,
    898 So. 2d 992 (Fla. 5th DCA 2005) ..................................................... 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ................................................................ 6

**Statutes**

15 U.S.C. § 1601 .................................................................................... 2

15 U.S.C. § 1601(a) ............................................................................... 3

15 U.S.C. § 1605 .................................................................................... 2

15 U.S.C. § 1635 .................................................................................... 3

15 U.S.C. § 1635(F) ............................................................................... 2

15 U.S.C. § 1640(e) .............................................................................. 12

15 U.S.C. § 1666(d) ............................................................................... 5

41 U.S.C. § 6503 ................................................................................ 2, 3

DEFENDANT WELLS FARGO N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

41 U.S.C. § 6504 ................................................................................................2

Consumer Legal Remedies Act § 1770 ..............................................................5

Consumer Legal Remedies Act § 1780 ..............................................................5

MCL 492.102 Motor Vehicle Sales Finance Act ...........................................2, 3

MCL 600.1352 ....................................................................................................2

**Other Authorities**

16 C.F.R. §§ 433.2 and 433.3 ............................................................................9

Title 12 Code of Federal Regulations § 226.21 .............................................5, 9

Title 16 Code of Federal Regulations 433.3 .....................................................5

Title 16 Code of Federal Regulations § 433.2 ..................................................5

Fed. R. Civ. Proc. 7(a) ..........................................................................1, 7, 8, 12

Fed. R. Civ. Proc. 8 ....................................................................................*passim*

Fed. R. Civ. Proc. 12(b)(6) ..............................................................1, 3, 12, 13

Fed. R. Civ. Proc. 12(f) ..................................................................1, 3, 6, 7, 8

Fed. R. Civ. Proc. 26(f) ..................................................................................4, 5

U.S. Constitution, Article III .........................................................................3, 4

U.S. Constitution, Due Process Clause............................................................11

Defendant Wells Fargo, N. A. ("Wells Fargo") hereby submits this opposition to Plaintiff Arelious Reed's ("Plaintiff") Motion to Strike ("Plaintiff's Motion") as follows:

## I.    INTRODUCTION

Plaintiff's Motion is a frivolous filing causing this Court and Wells Fargo to once again needlessly expend time and resources to address. In response to Wells Fargo's Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"), Plaintiff moves to strike Wells Fargo's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). Plaintiff's Motion is procedurally improper because a motion under Rule 12(f) only applies to pleadings as defined in Rule 7(a), which does not include motions to dismiss. Therefore, a Rule 12(f) motion to strike may not be used to strike a motion to dismiss. For this reason alone, the Court must deny Plaintiff's Motion.

To the extent the Court interprets Plaintiff's Motion as an Opposition to Wells Fargo's Motion to Dismiss, Plaintiff makes unpersuasive arguments unsupported by case law germane to the issues in Wells Fargo's motion. Plaintiff advances incoherent legal theories by copying and pasting large portions of Wells Fargo's Motion to Dismiss and the relevant statute subject to dismissal while citing to irrelevant case law where a court struck a *pleading*. Instead of challenging Wells Fargo's assertions that Plaintiff has failed to plead a claim pursuant to Rule 8 and Rule 12(b)(6), Plaintiff erroneously requests the Court to strike Wells Fargo's "defenses." Wells Fargo has not raised any affirmative defenses in its Motion to Dismiss, nor has it filed an answer or other pleading of any kind. Plaintiff's arguments, if construed as an opposition, fail to cure the defects of the SAC for several reasons. First, contrary to Plaintiff's claims, the UCL and CLRA cannot be applied to conduct that occurred outside of the state even if the case is venued in California. Second, Plaintiff's newly asserted allegations, which were not included in any versions of his complaints, cannot be included in opposition to support a tolling argument he never made.  Lastly, because Plaintiff fails

to address the rest of Wells Fargo's arguments for dismissal, he has conceded to the arguments. Accordingly, Plaintiff's Motion should be denied and his Second Amended Complaint should be dismissed with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Plaintiff's Original Complaint and Dismissal

On September 14, 2021, Plaintiff filed this lawsuit against Wells Fargo alleging he purchased a 2015 Cadillac Escalade (the "Vehicle") on January 28, 2019, in Doral, Florida through an online dealership and entered into a Retail Installment Sale Contract ("RISC") with a three-year term. Dkt 1. at 3. Although not expressly alleged, Plaintiff's original Complaint suggested he purchased a GAP product, which along with the RISC, were assigned to Wells Fargo. *Id.* Plaintiff alleged he paid the loan off in full on or around September 13, 2019 and did not receive "any type of GAP contract payments refunds" from Wells Fargo. *Id.* Plaintiff further alleged he received notice of the class action settlement in *Herrera, et al. v. Wells Fargo Bank, N.A., et al.,* Case No. 8:18-cv-00332-JVS-MRW (the "GAP Class Action") and opted out of the class action by October 6, 2021. *Id.*

Rather than identifying which claims he brought, Plaintiff instead included a section on the first page of his complaint titled "CAUSE OF ACTION" that preceded the facts alleged, and listed the following statutes: (1) "15 U.S.C. Section 1601 Congressional Findings and Declarations of Purpose"; (2) "15 U.S.C. Section 1605 Determination of Finance Charge"; (3) "15 U.S.C. Section 1635(F) Right of Rescission as to Certain Transactions"; (4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms"; (5) 41 U.S.C. Section 6504 Three-Year Prohibition on New Contracts in Case of Breach or Violation"; (6) "MCL 492.102 Motor Vehicle Sales Finance Act (excerpt)"; (7) "MCL 600.1352". Dkt. 1 at 2 (words

---

[1] Wells Fargo assumes Plaintiff's allegations are true for this motion only. *In re Capacitors Antitrust Litig.,* 106 F. Supp. 3d 1051, 1060 (N.D. Cal. 2015).

capitalized in original). No allegations related to these claims were included in the Complaint.

On December 15, 2021, Wells Fargo filed its Motion to Dismiss on the grounds that Plaintiff 1) failed to establish Article III standing; 2) failed to identify any cause of action against Wells Fargo, 3) failed to allege facts that supported any legal theory, and 4) included claims that failed as a matter of law. *See generally* Dkt. 23. On January 7, 2022, Plaintiff filed a "Motion to Strike Defendant's Motion to Dismiss Plaintiff's Complaint as Prejudice," arguing Wells Fargo's Motion was untimely, meritless, and should be struck and dismissed pursuant to Rule 12(f) and 12(b)(6). Dkt. 29 at 5-6. On January 14, 2022, this Court dismissed the Complaint with leave to amend and held that the Complaint did not meet the minimum pleading requirements under Rule 8 because it did not set forth clear legal theories for relief related to any injury with a causal connection to Wells Fargo.[2] Dkt. 30. Specifically, this Court concluded that Plaintiff failed to establish Article III standing because he did not allege that he was entitled to receive any GAP contract repayment refunds. *Id.*

**B.    Plaintiff's Amended Complaint**

Plaintiff filed his Amended Complaint on January 19, 2022, and again included a section on the first page titled "Cause of Action" and listed the following statutes: (1) "15 U.S.C. Section 1601(a)"; (2) "15 U.S.C. Section 1635"; (3) "MCL 492.102 Motor Vehicle Sales Finance Act"; (4) "41 U.S.C. Section 6503 Breach or Violation of Required Contract Terms." Dkt. 31. Like the original Complaint, Plaintiff failed to include any allegations related to these claims yet alleged that he was seeking relief "not to exceed $4,300,000.00 or $4,300,000.00 [*sic*] whichever is greater." Dkt. 31 at 3.

---

[2] The Court's original order dismissing the Complaint was entered on January 11, 2022 [Dkt. 28] and was amended to incorporate Plaintiff's mailed opposition [Dkt. 29] which was received by the Court after it entered its original order dismissing the Complaint.

On February 28, 2022, Wells Fargo filed its Motion to Dismiss the Amended Complaint for failure to establish Article III standing and failure to cure the deficiencies in the original Complaint. Dkt. 37. Plaintiff failed to respond to Wells Fargo's Motion by the deadline of March 11, 2022 and Wells Fargo filed a notice of Plaintiff's non-opposition. Dkt. 39.

### C.   Order to Show Cause and Dismissal of the Amended Complaint

On January 28, 2022, the Court issued an order setting the Rule 26(f) conference for March 28, 2022 and set a deadline of March 21, 2022 for filing of the Joint Rule 26(f) Report including Exhibit A with a proposed schedule of pretrial dates. Dkt. 32. Wells Fargo filed its separate report after Plaintiff indicated that he would file his own separate statement and also filed its proposed schedule of dates without any input from Plaintiff. *See* Dkts. 41, 45. On March 14, 2022, Plaintiff filed his separate Rule 26(f) report but failed to submit Exhibit A. Dkt. 43. The Court entered an Order to Show Cause "why this action should not be dismissed for lack of prosecution" and noted that filing of the Joint Rule 26(f) report with Exhibit A would be an appropriate response. Dkt. 42. Plaintiff submitted his portion of the Rule 26(f) report, but again failed to include Exhibit A and did not explain why it was omitted. Dkt. 44. In response, the Court entered a tentative order dismissing the action with prejudice on the basis that the Amended Complaint failed to establish Article III standing and failed to meet the Rule 8 pleading requirements. Dkt. 47 (Tentative Order). The Court also noted that Plaintiff failed to comply with the multiple Show Cause Orders issued by the Court [Dkts. 20, 42] and continued to fail to meet litigation deadlines. *Id*. The Court's Tentative Order noted that any request for hearing was due on April 14, 2022.

On April 11, 2022, Plaintiff submitted Exhibit A, but the document was incomplete, containing only proposed dates with no explanation of why he was unable to cooperate with Wells Fargo to submit a joint filing. Dkt. 48. On April 21, the Court issued its Order Regarding Motion to Dismiss and Order to Show Cause, dismissing

the Amended Complaint with leave to amend and ordering Plaintiff to meet and confer with Wells Fargo and submit a Joint Rule 26(f) report with a jointly completed Exhibit A. Dkt. 49. The Court concluded the Amended Complaint lacked standing and failed to meet the Rule 8 pleading requirements. *Id*. at 4. The Court cautioned Plaintiff that if he failed to correct the same deficiencies, the Court would not be inclined to grant leave a third time. *Id.* at 5.

### D.    Plaintiff's Second Amended Complaint

On April 25, 2022, Plaintiff filed his SAC with the same defects as his previous versions. Dkt. 50. ***For the third time,*** and despite this Court's numerous orders laying out the defects of prior versions of the Complaint, Plaintiff again includes a section titled "Cause of Action" and lists statutes without including any factual allegations. In the SAC, Plaintiff now lists a total of twelve statutes, including eight which are asserted for the first time: 1) "Title 12 Code of Federal Regulations Section 226.21"; (2) "15 U.S.C. Section 1666(d)"; 3) "Title 16 Code of Federal Regulations Section 433.2"; 4) "Title 16 Code of Federal Regulations 433.3"; 5) "ULC Section 17200 California's Unfair Competition Law"; 6) "Consumer Legal Remedies Act Section 1770"; 7) "Consumer Legal Remedies Act Section 1780"; 8) "Declaratory Relief." *Id.* at 1.

In addition to the eight new listed statutes, Plaintiff adds new allegations that Wells Fargo "was practicing of knowingly collecting unearned fees for Guaranteed Automobile Waivers know as GAP Waiver. Gap Waivers are included in automobile finance agreements as an addendum to the agreement." SAC at 3. Plaintiff also alleges Wells Fargo "collected from the Plaintiff Arelious R. Reed, unearned fees when plaintiff pay off his finance agreements early in full on or about September 13, 2019, before the end of the original loan term. The Defendant . . . then refuses to refund Plaintiff Arelious R. Reed, his unearned money, (GAP premiums) even though Defendant's is contractually obligated to do so as the creditor and assignee of Plaintiff's finance agreement and GAP Waiver." SAC at 3-4. Lastly, Plaintiff alleges

he is entitled to relief "not to exceed $15,000,000.00 or $15,000,000.00 whichever is greater as the Defendant's were the assignee, owes a contractual obligation to the customers under the GAP waiver to refund unearned GAP fees when the Plaintiff finance agreement has been paid off early. Although, the Defendant is practicing a collecting and failing to refund unearned GAP fees and GAP premiums, to their customers." SAC at 4.

Wells Fargo filed its Motion to Dismiss Plaintiff's Second Amended Complaint on May 9, 2022, arguing that Plaintiff's SAC contained the same deficiencies as the original complaint and the Amended Complaint. Dkt. 52. Plaintiff filed his "Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Wells Fargo N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint" on May 16, 2022.

## III.    LEGAL STANDARD

Federal Rule 12(f) provides that "[t]he court may strike from a *pleading* any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). (emphasis added). The purpose of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arise "from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). In determining whether to grant a motion to strike, courts must analyze whether the matter the moving party seeks to be stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id.* at 973-74. Motions to strike are disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). Courts consider a motion to strike in a light most favorable to the moving party. *In re 2TheMart.com, Inc. Sec. Lit.*, 114 F.Supp.2d 995, 965 (C.D. Cal. 2000). If there is any doubt as to

1  whether the pleadings might be relevant in the action, the court must deny the motion

2  to strike. *Id.*

3  **IV.   ARGUMENT**

4       **A.   Plaintiff's Motion to Strike Is Inappropriate Because Motions to Strike Under Rule 12(f) Apply Only to Pleadings.**

5

6       Plaintiff's Motion cannot be granted because Rule 12(f) applies only to

7  *pleadings*, which is defined under Rule 7(a) to include complaints, answers, and

8  replies to answers - none of which Wells Fargo has filed. It is well established that

9  Rule 12(f) motions to strike are limited in application to pleadings defined by Rule

10  7(a). *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under

11  the express language of [Rule 12(f)], only pleadings are subject to motions to strike.").

12  In response to Wells Fargo's Motion to Dismiss, Plaintiff improperly moves

13  "pursuant to Federal Rules of Civil Procedure 12 (a),(1),(A)(i)(ii),(f) (1) and (2)

14  and/or Federal Rules of Civil Procedure 12 (f)(1)" to strike Wells Fargo's "defenses".

15  Plaintiff's Motion at 1, 5-7, 10. However, Wells Fargo's Motion to Dismiss is not

16  subject to a Rule 12(f) motion to strike because it is not a pleading and does not

17  include affirmative defenses. *Peralta v. Countrywide Home Loans, Inc.*, No. C 09-

18  3288 PJH, 2009 U.S. Dist. LEXIS 112387, at *8 (N.D. Cal. Nov. 16, 2009) ("Rule

19  7(a) limits the definition of 'pleadings' to complaints, third-party complaints,

20  answers, and replies to answers."). Courts have denied motions to strike a defendant's

21  motion to dismiss on the basis that it is not a pleading. *In re Tesla, Inc. Sec. Litig.*,

22  477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) (denying plaintiff's motion to strike

23  defendant's motion to dismiss because a motion to dismiss is not subject to a motion

24  to strike).

25       In *in re Tesla, Inc. Sec. Litig.,* the plaintiff moved to convert the defendant's

26  motion to dismiss into a motion for summary judgment, or in the alternative to strike

27  it pursuant to Rule 12(f). *Id.* at 919-20. The plaintiff sought to strike portions of the

28  motion to dismiss essentially because he did not agree with the content of the motion

to dismiss. *Id.* at 920. The court, however, held that defendant's motion to dismiss was not subject to a motion to strike because it was not a pleading under Rule 7(a). *Id.* The court also held that Plaintiff did "not sufficiently demonstrate[] that the motion to dismiss [was] 'redundant, immaterial, impertinent, or scandalous matter,' as required to succeed on a Rule 12(f) motion to strike." *Id.* Likewise here, Plaintiff moves to strike Wells Fargo's Motion to Dismiss on the sole basis that Plaintiff does not agree with the arguments presented by Wells Fargo and provides no argument that the motion is "redundant, immaterial, impertinent, or scandalous." Accordingly, Plaintiff's Motion seeking to strike Wells Fargo's Motion to Dismiss should be denied.

**B.     In the Alternative, if Plaintiff's Motion is Construed as an Opposition to Wells Fargo's Motion to Dismiss, the SAC Still Fails and Should be Dismissed With Prejudice.**

Even if the Court construes Plaintiff's Motion as an Opposition to Wells Fargo's Motion to Dismiss Plaintiff's SAC pursuant to L.R. 7-9, it still does not cure the defects of the SAC and should be dismissed with prejudice for several reasons. First, Plaintiff's Motion presents no legal theories to cure the defects of his SAC as advanced by Wells Fargo's Motion to Dismiss. Second, the UCL and CLRA claims still fail because Plaintiff has provided no support that the claims can survive for events that occurred outside of California to a non-California resident. Third, Plaintiff's new allegations cannot support any tolling argument to save his time-barred TILA claims.

**1.     If the Court Interprets Plaintiff's Motion as an Opposition, Plaintiffs Arguments that Wells Fargo has Raised Impermissible or Irrelevant "Defenses" Do not Address the Issues in Wells Fargo's Motion to Dismiss.**

Assuming arguendo the Court treats Plaintiff's Motion as an Opposition to Wells Fargo's Motion to Dismiss, the Motion nevertheless fails to advance a coherent legal theory against dismissal. Plaintiff's Motion, though difficult to understand, follows a pattern of copying sections of Wells Fargo's motion and citing to a single

1  case in support of an argument to strike an immaterial, impertinent, or inappropriate
2  "defense." Plaintiff's Motion at 5, 6, 8.

3       First, Plaintiff quotes Wells Fargo's arguments that Plaintiff failed to comply
4  with Rule 8, and cites to *PH II, Inc. v. Superior Court*, 33 Cal.App.4th 1680 (1995),
5  suggesting this argument should be "stricken down as an immaterial, impertinent
6  defense." Plaintiff's Motion at 5.

7       Second, Plaintiff quotes Wells Fargo's arguments that his Title 12 Code of
8  Federal Regulations Section 226.21 claim fails to allege the necessary element that he
9  had credit balances in his account and that he failed to submit a written request to
10 Wells Fargo. *Id.* at 6. Plaintiff copies the language of the statute and aimlessly
11 underlines certain words without explaining why. *Id.* at 6-7. Plaintiff again appears to
12 request the court to strike Wells Fargo's arguments "as an insufficient defense," citing
13 to *Burns v. Equilease Corp.*, 357 So. 2d 786 (Fla. 3d DCA 1978), stating that the court
14 granted a motion to strike a defense in an answer to a complaint. *Id.* at 7. This is an
15 inaccurate summary of the case, as the *Burns* court held the trial court improperly
16 struck the defendant's defense in regard to a failure to give notice of the sale of
17 collateral. *Burns* at 786.

18      Third, Plaintiff quotes Wells Fargo's arguments that his claims under 16 C.F.R.
19 §§ 433.2 and 433.3 fail because they do not allow a private right of action. Plaintiff's
20 Motion at 8. Plaintiff copies the statute into his Motion, again underlining various
21 words for no apparent reason. *Id.* at 8-10. Plaintiff asks the court to strike Wells
22 Fargo's argument "as an insufficient defense." *Id.* at 10. Plaintiff cites to *Varandoe v.*
23 *Union Planters Mortg. Corp.*, 898 So. 2d 992 (Fla. 5th DCA 2005), a case where
24 irrelevant pleadings were struck.

25      None of these arguments address in any way the issues raised in Wells Fargo's
26 Motion to Dismiss. Wells Fargo has not filed an answer to Plaintiff's SAC. Wells
27 Fargo has not asserted any defenses to any of Plaintiff's claims. Instead, Wells Fargo
28 is moving to dismiss Plaintiff's SAC for failing to cure the deficiencies of the last two

complaints. Plaintiff has not challenged Wells Fargo's reasoning, relying instead on a confusing series of cut-and-paste paragraphs with no clear theory explaining why his claims should not be dismissed. Plaintiff's failure to effectively establish he has stated a claim warrants dismissal. *See Morrison v. United States,* 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of *pro se* complaint on the grounds that the complaint contained a "confusing array of vague and undeveloped allegations" and did not allege sufficient facts or jurisdictional basis for any federal claim for relief). Further, Plaintiff cites no case that supports he has stated a claim under the statutes he has provided. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Accordingly, the SAC should be dismissed with prejudice.

### 2. Plaintiff's California Unfair Competition Law and Consumer Legal Remedies Act Claims Fail Because They Do Not Apply Extraterritorially.

Plaintiff does not dispute Wells Fargo's assertion that claims under California's UCL and CLRA are limited to alleged wrongful conduct in California. In its Motion to Dismiss, Wells Fargo argues that it is well-established that the UCL and CLRA do not apply to actions occurring outside of California that causes injury non-residents. Dkt. 52 at 14-15; *see Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, C-09-5815 CW, 2010 U.S. Dist. LEXIS 99930, at *23 (N.D. Cal. Sept. 10, 2010) ("the UCL does not apply to actions occurring outside of California that injure non-residents."), aff'd, 487 Fed.Appx. 362 (9th Cir.2012); *see McKinnon v. Dollar Thrifty Auto. Grp., Inc.*, No. 12-4457 SC, U.S. Dist. LEXIS 29095, at *11 (N.D. Cal. Mar. 4, 2013) (holding that a non-California resident Plaintiff's CLRA claim is not supported "where none of the alleged misconduct or injuries occurred in California.") (quoting *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal.App.3d 605, 612-13 (1987)). Because the SAC did not allege any wrongful conduct occurred in California or to a California resident, Wells Fargo argued Plaintiff's UCL and CLRA claims

1   failed as a matter of law. Dkt. 52 at 15.

2       Plaintiff's Motion does not allege he has properly pleaded a UCL or CLRA

3   claim that covered wrongful conduct in California. *See generally* Plaintiff's Motion.

4   Instead, Plaintiff argues that because his original Complaint was transferred from the

5   United States District Court for the Eastern District of Michigan to the Central District

6   of California, there is "correct original jurisdiction." *Id.* at 11. Plaintiff relies on *Asahi*

7   *Metal Indus. Co. V. Super. Ct.*, 480 U.S. 102, 113-16 (1987), arguing that in this case,

8   the court held that a business in Taiwan's awareness that its goods would eventually

9   reach California were "sufficient to support state court jurisdiction under the Due

10  Process Clause." *Id.* This is not the holding of *Asahi*. The *Asahi* court concluded that

11  a manufacturer in Japan with assemblies in Taiwan did not have sufficient minimum

12  contacts with California, and therefore held that the California court's exercise of

13  personal jurisdiction would be unreasonable and violate the Due Process Clause. *Id.*

14  at 116. Plaintiff simply copied verbatim the *Asahi* Syllabus that explained the rulings

15  of the State Court of Appeal and the State Supreme Court, omitting the United States

16  Supreme Court holding that is contrary to what Plaintiff represented in his motion.

17  *See* Plaintiff's Motion at 11-12; *Asahi* at 106.

18      But regardless of whether Plaintiff has accurately described the case law,

19  Plaintiff nevertheless fails to challenge the widely-accepted limitation of

20  extraterritorial application to UCL and CLRA claims when the wrongful conduct does

21  not occur in California or harm California citizens. *See generally* Plaintiff's Motion.

22  Because he does not raise arguments or cite case law that supports he may maintain a

23  UCL or CLRA action when no wrongful conduct occurred in California, these claims

24  fail as a matter of law. The Court should dismiss these claims with prejudice.

25  ///

26  ///

27  ///

28  ///

3.      **Plaintiff Cannot Rely on New Facts in His Opposition that are Absent from his Second Amended Complaint in Arguing his TILA claims are not Time-barred.**

Plaintiff cannot oppose Wells Fargo's arguments that his TILA claims are time-barred by alleging facts absent from both his Amended Complaint and his SAC. It is well-established that new facts cannot be brought up for the first time in opposition. *In re Turbodyne Technologies, Inc. Sec. Litig.*, No. CV 99-00697 MMM (BQRx), 2000 U.S. Dist. LEXIS 23020, at *30 (C. D. Cal. Mar. 15, 2000) ("In deciding a motion to dismiss, courts may not 'take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).'") (quoting *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197, n. 1 (9th Cir. 1998). Plaintiff alleges he paid his loan in full on or about September 13, 2019. SAC at 3. Plaintiff filed his original Complaint on September 14, 2021. Dkt. 1. Wells Fargo argued in its Motion to Dismiss that because the conduct alleged by Plaintiff occurred on or about September 13, 2019, Plaintiff's TILA claims are barred by the one-year statute of limitations. Dkt. 52 at 9; 15 U.S.C. §1640(e); *Taylor v. Bosco Credit LLC*, 840 F. App'x 125, 126 (9th Cir. 2020).

Plaintiff suggests in his Motion that TILA's one-year statute of limitations period does not apply because Plaintiff "did not have any knowledge of this civil matter until Plaintiff [was named as a class member of the] Class-Action lawsuit," known as *Armando Herrera, et. Al, v. Wells Fargo Bank, N.A.*, Case No. 8:18-cv-00332-JVS-MRW and received notice of the lawsuit in the mail. Plaintiff's Motion at 13. Plaintiff alleges he opted out of the class action lawsuit on or about August 25, 2021 to bring suit as a *pro se* litigant. *Id.* Plaintiff appears to argue that because of this, his TILA claims are not time-barred. *Id.*

New allegations in an opposition motion that were absent from a complaint are irrelevant for Rule 12(b)(6) purposes. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197, n.1 (9th Cir. 1998) ("In determining the propriety

DEFENDANT WELLS FARGO N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Plaintiff does not include any allegations of this class action lawsuit or that he opted out of such lawsuit in both his Amended Complaint and his SAC. *See generally* Dkt. 31; *see generally* SAC. Because courts cannot look to Plaintiff's Opposition for new factual allegations, Plaintiff cannot rely on his Opposition in making arguments against dismissal. *See Gerritsen v. Warner Bros. Ent'mt. Inc.*, 112 F. Supp. 3d 1011, 1033 n. 93 (C.D. Cal. 2015) ("Plaintiffs cannot utilize [documents court declined to take judicial notice] to amend the complaint and defeat defendant's motion to dismiss.").

Further, Plaintiff cannot use facts absent from his pleadings that may have been alleged by Wells Fargo. *See Schulenburg v. Handel's Enterprises, Inc.* No. 18CV513-GPC(WVG), 2018 U.S. Dist. LEXIS 101729, at *6 (S.D. Cal. June 18, 2018) (granting motion to dismiss for failure to state a claim when plaintiffs conceded they relied on facts asserted in the defendant's opposition). Because Plaintiff makes no arguments that he has pleaded valid TILA claims limited to the factual allegations asserted in his SAC, these claims must be dismissed with prejudice.

## V.   CONCLUSION

For all of the foregoing reasons, Wells Fargo respectfully requests that Plaintiff's Motion to Strike Wells Fargo's Motion to Dismiss Plaintiff's Second Amended Complaint be denied. Additionally, Wells Fargo requests Plaintiff's Second Amended Complaint be dismissed with prejudice.

DATED: May 27, 2022                    M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP

BY:   */s/ Jenny Yi*
Jenny Yi

Attorney for Defendant
Wells Fargo Bank N. A.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 27, 2022, the foregoing was filed electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

I further certify that on May 27, 2022, I caused to be served the foregoing documents by Federal Express Overnight Delivery

Arelious Reed 1515 Fort St.
Unit 96
Lincoln Park MI 48146

*/s/ Jenny Yi*
Jenny Yi

CERTIFICATE OF SERVICE