FILED
CLERK, U.S. DISTRICT COURT
6/3/22
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ARELIOUS R. REED

    PLAINTIFF,        CASE NO. 2:21- cv- 07545-JVS-MRW

V.                  HONORABLE JUDGE: James V. Selna
                  MAGISTRATE JUDGE: Michael R. Wilner

WELLS FARGO BANK N.A. D/B/A

WELLS FARGO DEALER SERVICES, INC.,

    DEFENDANT.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS IN OPPOSITION TO DEFENDANT'S WELLS FARGO N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

NOW COMES, ARELIOUS REED plaintiff, by and though plaintiff to move this Honorable United States District Court Central District of California for his Memorandum of Points and Authorities In Support of Plaintiff 's Motion for Sanctions in Opposition to Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike, pursuant to **Federal Rules of Civil Procedure Rule 11 (c),(1) and (2), Federal Rules of Civil Procedure Rule 11 (b)** and/or **Central District of California Local Rules 7.3, Local Rules 7.4, Local Rules 7.5 (b), Local Rules 7.6** and **Local Rules 7.9** as FOLLOWS.

## Table of Contents

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES.......................................................................ii,iii

JURISDICTIONAL STATEMENT................................................................1

STANDARD OF REVIEW.............................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES..........................3,4,5

STATEMENT OF FACTS...........................................................................5,6

ARGUMENT....................................................................................................7

CONCLUSION AND RELIEF REQUESTED ..........................................7,8

# Table of Authorities

**Cases**

Chambers v. NASCO, 501 U.S. 32 (1991)..................................................................8

In re Tuto Wells Contamination Litigation, Esso Standard Oil S.A. LTD. 120 F. 3d 368 (3d Cir. 1997)...........................................................................................................7

Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120 (1989)...............................8

Robinson v. National Cash Register Co., 808 F.2d 1119, 1128-1130 (1987).............7

**Statues**

Central District of California Local Rules 7.3.................................................................1,5,6

Central District of California Local Rules 7.4....................................................................1,6

Central District of California Local Rules 7.5 (b).............................................................1,6

Central District of California Local Rules 7.6 .......................................................................1

Central District of California Local Rules 7.9 .......................................................................1

Federal Rules of Civil Procedure Rule 11 (c) (1) and (2)..................................................1,7

Federal Rules of Civil Procedure Rule 11 (b)....................................................................1,7

## JURISDICTIONAL STATEMENT

The United States District Court Central District of California shall have original jurisdiction over these civil actions pursuant to **28 U.S.C. Section 1331,** having the Plaintiff, Arelious R. Reed timely filed his Memorandum of Points and Authorities In Support of Plaintiff's Motion for Sanctions in Opposition to Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike, pursuant to **Federal Rules of Civil Procedure Rule 11 (c),(1) and (2), Federal Rules of Civil Procedure Rule 11 (b)** and/or **Central District of California Local Rules 7.3, Local Rules 7.4, Local Rules 7.5, Local Rules 7.6** and **Local Rules 7.9,** on June 02, 2022.

## STANDARD OF REVIEW

The interpretation of a federal statute is a question of law reviewed by the court.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about January 19, 2022, Plaintiff Arelious Reed, has filed his Amended Complaint in the United States District Court Central District of California. On or about January 28, 2022, Hon. Judge James V. Selna, hereby submit a Joint Status Report pursuant to the Court's Initial Order Setting Rule 26(f) Scheduling Conference set for March 28, 2022. On or about February 14, 2022, Plaintiff has sent out his, Joint Rule Report pursuant to Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26 by email to the Defendant's attorney Jenny Yi with his initial disclosure, (all evidence that was in the plaintiff possession to the defendant), Plaintiff Arelious Reed, having follow the Courts Order's under Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26. On or about February 18, 2022, the Defendants attorney Jenny Yi, moved to dismiss Plaintiff first Amended Complaint Defendant's attorney Wells Fargo has not complied with Local Rule 7.3. Accordingly, the Court DENIES the Defendant's motion to dismiss without prejudice to refiling. On or about March 21, 2022, Honorable US District Judge James V. Selna, the Court, on its own motion, hereby ORDERS Plaintiff to Show Cause Re Dismissal for Lack of Prosecution, in writing no later than April 04, 2022. On or about April 01, 2022 the Defendant Wells Fargo Bank, N.A.. filed their Status Report. On or about April 06, 2022, the court clerk sent out A NOTICE OF CLERICAL ERROR; Due to clerical error Re: Response for [Docket No. 44] incorrect Filed Date. On or about April 07, 2022, The Court has posted its tentative ruling on the Defendant Motion to Dismiss [Docket No. 37] & Plaintiff Motion for Order to Show Cause [Docket No. 44] and VACATES the Scheduling Conference set for 4/11/2022 at 10:30 am. On or about April 11, 2022, Plaintiff filed his Motion to Correct Clerical Mistakes. On or about

3

April 13, 2022, Corrections to Clerical Mistakes has been made by the clerk of the Court. On or about April 21, 2022, the Court DISMISSES the Plaintiff's First Amended Complaint and GRANTS Plaintiff's twenty-one days' leave to amend his complaint. Furthermore, the Court's ORDERS Plaintiff to meet and confer with the Defendants Wells Fargo and submit a Joint Rule 26(f) report, with a jointly completed Exhibit A, within twenty-one days of entry of this order. If Plaintiff fails to do so, the Court will dismiss his complaint with prejudice for lack of prosecution. On or about April 25, 2022, Plaintiff filed his Second Amended Complaint and Summons with the Court and sent out A copy of certified mail and email to the Defendants WELLS FARGO BANK N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., attorney Jenny Yi. On or about March 02, 2022, the Defendants attorney Jenny Yi, call and emailed Plaintiff, ARELIOUS R. REED and stated "I intent on filing a motion to dismiss your, Second Amended Complaint. As I mentioned, it is the Defendants WELLS FARGO BANK N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., position that your (Plaintiff), Second Amended Complaint still contains the same fatal defects as your previously filed complaints. I the Defendants attorney requested that you voluntarily dismiss your action based on those defects" Plaintiff stated "No I will be filing a Motion to Strike your Motion to Dismiss my Second Amended Complaint both parties confirm. On or about March 09, 2022, the Defendants Attorney Jenny Yi, filed for their Motion to Dismiss Plaintiff Second Amended. On or about May 12, 2022, Plaintiff and the Defendants has filed their JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER with the Court. On or about May 16, 2022, Plaintiff has file for his Motion to Strike Defendants Motion to Dismiss Plaintiff Second Amended Complaint.

On or about May 17, 2022, the Court issue an, [IN CHAMBERS] ORDER RE SCHEDULING DATES. On or about May 27, 2022, the Defendants has filed A motion title under Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike, without discussing with the opposing party. On or about June 1, 2022, Plaintiff has emailed the Defendants attorney and stated "I the Plaintiff Arelious Reed are asking you very kindly to withdraw your motion from the Court's docket number #61, because you did not first contact opposing counsel (Plaintiff Pro Se), to discuss thoroughly preferably in person the substance of the contemplated motion and any potential resolution" the Defendants response was we are not obligated by any rules to meet and confer prior to filing an opposition or reply and we will not be withdrawing our opposition from the docket. On or about June 02, 2022, Plaintiff has filed his Memorandum of Points and Authorities In Support of Plaintiff 's Motion for Sanctions in Opposition to Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike.

## STATEMENT OF FACTUAL FACTS

1. On or about May 27, 2022, the Defendants has filed A motion title under Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike, without discussing with the opposing party, pursuant to **Central District of California Local Rules 7.3 Conference of Counsel Prior to Filing of Motions**. Clearly states that "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person,

the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." The Defendants has not discussed any type of filing a motion with the opposing parties therefore the Defendants has failed to meet these requirements.

2. Also, under **Central District of California Local Rules 7.4 Motions** Clearly states that "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8. On the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed. The notice of motion shall contain a concise statement of the relief or Court action the movant seeks." The Defendants has failed to meet the requirements of **Central District of California Local Rules 7.3** through **7.8**, before filing their motion title under Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike.

3. Furthermore, the Defendants has failed to meet the requirements of **Central District of California Local Rules 7.5 (b)**.

## ARGUMENT

1. Plaintiff is requiring that the Defendants be sanctions under **Federal Rules of Civil Procedure Rule 11 (c), (1) and (2)**, for the Defendants attorney only on the attorney who signed the documents on conduct that allegedly violates **Federal Rules of Civil Procedure Rule 11(b)**. Please see **In re Tuto Wells Contamination Litigation, Esso Standard Oil S.A. LTD. 120 F. 3d 368 (3d Cir. 1997)**; Whereas the United States Court of Appeals, Third Circuit affirmed a $120,000 sanction against a law firm for their part in suppressing a report by a professional engineer summarizing the results of soil and liquid tests in connection with a large environmental lawsuit. The sanctions represented the attorney fees and costs incurred by counsel in bringing the suit and in connection with the sanction proceedings. Sanctions in the amount of $750,000 against the defendant party and the suspension of the defendant's attorneys from the practice of law were reversed on procedural grounds. Also see **Robinson v. National Cash Register Co., 808 F.2d 1119, 1128-1130 (1987).**

## CONCLUSION AND RELIEF REQUESTED

Wherefore, the foregoing reasons, Plaintiff ARELIOUS R. REED, respectfully move this Honorable United States District Court Central District of California for his Memorandum of Points and Authorities in Support of Plaintiff's Motion for Sanctions in Opposition to Defendant's WELLS FARGO N.A.'S Opposition to Plaintiff's Motion to Strike. Plaintiff is requesting that this Court award him an order directing payment to the movant of part or all the

reasonable attorney's fees and other expenses directly resulting from the violation if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days. Please see **Chambers v. NASCO, 501 U.S. 32 (1991)**; Whereas the United States Court of Appeals for the Fifth Circuit order Sanctions in the form of attorney's fees and expenses totaling almost $1 million were upheld by the Supreme Court for the petitioner's (1) attempt to deprive the court of jurisdiction by acts of fraud, (2) filing false and frivolous pleadings, and (3) attempting, by other tactics of delay, oppression, harassment, and massive expense to reduce the respondent to exhausted compliance. Also see **Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120 (1989)**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of June 2022, I will file the foregoing with the Clerk of Court with Overnight Priority Mail Express and by emailing to the Defendant's Attorney, Jenny Yi (SBN 314540), which will then send out a notification of such filing to the following on record:

MCGUIREWOODS LLP
Attorney Jenny Yi (SBN 314540)
Two Embarcadero Center Suite 1300
San Francisco, CA 94111-3821
Phone: (415) 844-9944
Email: jyi@mcguirewoods.com

Respectfully submitted,

X _____A. Reed_____

**Plaintiff, ARELIOUS REED**
1515 Fort Street Unit 96
Lincoln Park, MI 48146
(313) 530-5189
Email: reedarel@gmail.com

