**McGuireWoods LLP**
Alicia A. Baiardo (SBN 254228)
abaiardo@mcguirewoods.com
Jenny Yi (SBN 314540)
jyi@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415. 844. 9944
Facsimile: 415. 844. 9922

Attorneys for Defendant
Wells Fargo Bank, N. A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARELIOUS REED | CASE NO. 2:21-cv-07545-JVS-MRW |
| Plaintiffs, | **DEFENDANT WELLS FARGO N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |
| vs. | |
| WELLS FARGO BANK, N. A, | |
| Defendant. | **Date:    August 29, 2022**<br>**Time:    1:30 p. m.**<br>**Crtrm.:  10C**<br>**Judge:   Honorable James V. Selna** |

Defendant Wells Fargo, N. A. ("Wells Fargo") hereby submits this opposition to Plaintiff Arelious Reed's ("Plaintiff") Motion to Alter or Amend Judgment (Plaintiff's "Motion") as follows:

## I.   INTRODUCTION

Plaintiff has repeatedly filed deficient motions throughout the pendency of this case, and failed to follow the applicable procedural rules. Plaintiff persists in his deficient and improper filings by attempting to file multiple memorandums that have been rejected by the Court multiple times. Plaintiff's latest "motion" requesting the Court reconsider its order dismissing Plaintiff's Second Amended Complaint ("SAC") should be denied because it is untimely and deficient. Significantly, Plaintiff files his motion *thirty-nine* days since the entry of the order that Plaintiff requests reconsideration – which is untimely by *twelve days* under the Federal Rule of Civil Procedure 59(e) and *twenty-six days* beyond what Local Rule 7-18 permits. Notwithstanding, should the Court consider the motion, it fails to establish a basis for this Court to change its ruling. Rather than making a reasoned argument based on the criteria enumerated in applicable federal and local rules governing reconsideration motions, Plaintiff adopts his modus operendi of inserting cut-and-paste arguments from prior filings, citing to inapplicable case law, and concluding without basis he is entitled to relief.

Plaintiff's Motion, rejected twice by this Court for failure to comply with local rules, has no merit. There is no substance to any of Plaintiff's confusing arguments, and Plaintiff continues to ignore the applicable rules that apply to this case. Accordingly, Wells Fargo requests the Court deny Plaintiff's Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On June 9, 2022, this Court granted Wells Fargo's Motion to Dismiss and

---

[1] Wells Fargo incorporates by reference the factual backgrounds of this case from its Motion to Dismiss [Dkt. 52 at 2 to 6].

dismissed Plaintiff's SAC with prejudice and denied all relief requested, noting that the SAC "suffers from the same flaws" as prior pleadings by failing to state factual details in support of Plaintiff's allegations. Dkt. 64. at 3. After granting Plaintiff two prior opportunities to cure the defects of his complaint, this Court denied leave to amend a third time because any further amendment would be futile due to Plaintiff continuously disregarding the Court's instructions. *Id.* at 4. The Court also denied Plaintiff's Motion for Sanctions for failing to respect the Safe Harbor provision and failing to make any argument that Wells Fargo's opposition was frivolous. *Id.* The Court also recognized that Local Rules 7-3, 7-4, 7-5(b) and 7-6 did not apply to Wells Fargo's opposing papers. *Id.* Plaintiff had until June 23, 2022 to file a motion for reconsideration under Local Rule 7-18, and Federal Rule 59(e) required Plaintiff to file before July 7, 2022.

On June 14, 2022, Plaintiff attempted to file a Memorandum of Points and Authorities in Support of Plaintiff's Motion to Alter or Amend Judgment that was substantively identical to the instant Motion. Dkt. 65 at 15. On June 29, this Court issued a Notice of Discrepancy and Order rejecting Plaintiff's June 14 filing because Plaintiff failed to comply with Local Rule 6-1. *Id.* at 1-2. On July 6, 2022, Plaintiff attempted to re-file his memorandum. Dkt. 66 at 14. This Court again provided a Notice of Discrepancy and Order rejecting Plaintiff's July 6, 2022 filing for failing to comply with Local Rule 6-1. *Id.* at 1. Plaintiff filed the instant Motion on July 18, 2022, and the Motion is substantively identical to the two prior reconsideration memorandums rejected by this Court. *See generally* Dkt. 67; Dkt. 66; Dkt. 65. Plaintiff's Motion requests this Court set aside the judgment of dismissal pursuant to Federal Rules of Civil Procedure 59 and 60. Dkt. 67 at 2.

## III.   LEGAL STANDARD

A motion for reconsideration can be brought either under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Reconsideration is appropriate under Rule 59(e) "if the district

court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). However, this is an "extraordinary remedy, to be used sparingly" and only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

Alternatively, a party may move under Rule 60 to seek relief from a final judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed. R. Civ. P. 60(b). Relief under this Rule for "any other reason" requires a finding of "extraordinary circumstances." *Backlund*, 778 F.2d at 1388.

Motions for reconsideration should not be used to raise "repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." *Costello v. U.S. Government,* 765 F. Supp. 1003, 1009 (C.D. Cal 1991); *see also Evans Hotels, LLC v. United Here! Local 30,* No. 3:18-cv-02763-LL-AHG, 2022 U.S. Dist. LEXIS 16354, at *16 (S.D. Cal. Jan. 28, 2022) ("[M]otions for reconsideration should not be used merely as an intermediate 'appeal' before taking a disputed ruling to the Ninth Circuit.").

Local Rule 7-18 governs Motions for Reconsideration. Such a motion may be brought on the following grounds: (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any

manner repeat any oral or written argument made in support of, or in opposition to, the original motion. L.R. 7-18; *State Comp. Ins. Fund v. Drobot,* 192 F. Supp. 3d 1080, 1116 (C.D. Cal. 2016).

A party "must strictly adhere to the Local Rules," and a district court "has the discretion to strike any motion that fails to comply with the Local Rules." *Addaday, Inc. v. Artist Int'l Co., Ltd,* No. 221CV05525ABPLAX, 2022 U.S. Dist. LEXIS 91155, at *3 (C.D. Cal. Apr. 19, 2022). The court has "considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir. 2022).

## IV.   ARGUMENT

### A.   Plaintiff's Motion Is Untimely and Should Be Denied

Plaintiff's Motion should be denied because it is untimely under both the Local Rules and the Federal Rules of Civil Procedure. Plaintiff moves for relief under Federal Rule 59(e), Federal Rule 60, and Local Rule 7-18. Motion at 2. Under Local Rule 7-18, Plaintiff was required, absent good cause, to submit his reconsideration Motion "no later than 14 days after the entry of the Order that is the subject of the motion or application." L.R. 7-18. Federal Rule 59(e) provides a motion to alter or amend judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Plaintiff's Motion was filed on July 19, 2022. Motion at 1. This Court dismissed Plaintiff's SAC on June 9, 2022, *thirty-nine days* before Plaintiff filed the instant Motion. *See* Dkt. 64. As such, Plaintiff's Motion is untimely under Local Rule 7-18. L.R. 7-18. Further, Plaintiff failed to file within the parameters of the Rule due to his noncompliance with Local Rule 6-1, and he has not provided an explanation to establish good cause for his delay. Dkt. 65; Dkt. 66; *see generally* Motion. Because Plaintiff does not provide any good cause for his delay, this Court may deny Plaintiff's untimely Motion. *See Evanger's Dog & Cat Food Co., Inc. v. Env't Democracy Project,* No. CV 21-08489-RSWL-ASX, 2022 U.S. Dist LEXIS

90781, at *7-8 (C.D. Cal. May 18, 2022) (denying reconsideration motion when plaintiff "failed to file within time frame provided under Local Rule 7-18" and "failed to establish good cause for its delay."); *see Holmes v. Harris*, No. CV 18-3739 PSG (Ex), U.S. Dist. LEXIS 106820, at *10 (C.D. Cal. May 19, 2021) (denying a motion to reconsider as untimely where moving party failed "to explain why it took over a month to submit a motion rehashing their previous arguments.").

Plaintiff's Motion is also untimely under Federal Rule 59(e)[2], which requires motions to be filed within 28 days. Fed. R. Civ. P. 59(e). As such, Plaintiff has failed to comply with Rule 59(e). *See Keating v. Jastremski,* No. 3:15-CV-57-L-AGS, 2021 U.S. Dist. LEXIS 215633, at *1 (S.D. Cal. Nov. 8, 2021) (plaintiff "filed his motion more than 28 days after the judgment. The Motion is therefore untimely."). Courts do not have discretion to extend the deadline of a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2).

Because Plaintiff's Motion is untimely under both the Local Rule and Federal Rule Plaintiff uses as a basis for relief, this Court should deny Plaintiff's request for reconsideration.

### B.   Plaintiff's Motion Cannot Be Granted Because It Fails to Make Any Argument Under Rule 59(e) or Rule 60, and Plaintiff Fails to Comply with Local Rule 7-18

Even if the Court considers Plaintiff's untimely Motion, Plaintiff's Motion should be denied because it fails to establish criteria to justify any relief under either Rule 59(e) or Rule 60, and he fails to comply with Local Rule 7-18. A party may move under Rule 59(e) by presenting the district court with newly discovered

---

[2] Plaintiff should not have moved for reconsideration under any rule other than Local Rule 7-18, as "[t]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." <u>Rockefeller v. Perkins Coie LLP,</u> No. 209CV04675SVWFFM, 2019 WL 1034316, at *1 (C.D. Cal. Jan. 31, 2019)

evidence, there was clear error or the initial decision was manifestly unjust, or arguing an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60 permits relief from a final judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Fed. R. Civ. P. 60(b). Local Rule 7-18 requires Plaintiff move for relief as a result of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. L.R. 7-18.

Here, Plaintiff moves for relief "pursuant to Federal Rules of Civil Procedure 59(e) and/or Federal Rules of Civil Procedure 60 and under Central District of California Local Rules 7.18." Motion at 2. Plaintiff's Motion follows the familiar practice of copying arguments from prior filings, citing to an inapplicable case, and concluding without basis he is entitled to relief. *See generally* Motion. Rather than arguing new facts or an intervening change of law as required by Rule 59(e), or pursuing any of the numerous justifications for relief under Rule 60(b), Plaintiff inappropriately argues *that Wells Fargo should be subject to a judgment of this Court*, stating "Defendant ought to at law and in equity to be fully bound and obligated by the judgment rendered." *Id.* at 7. Plaintiff's Motion fails to make any argument in support of relief under Rule 59(e) or Rule 60, and he fails to comply with Local Rule 7-18. *See generally* Motion. This Motion must be denied. *See Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of reconsideration motion when plaintiffs did not argue any new arguments appropriate for Rule 59(e) relief, and plaintiffs made no arguments that their case fell within any Rule 60(b) exception);

*O.L. v. City of El Monte,* No. 220CV00797RGKJDE, 2021 U.S. Dist. LEXIS 126479, at *3-4 (C.D. Cal. July 2, 2021) <u>aff'd sub nom.</u> *O.L. v. Jara,* No. 21-55740, 2022 U.S. App. LEXIS 12873 (9th Cir. May 12, 2022) (denying motion to reconsider when plaintiff failed to establish any proper basis under Rule 59, Rule 60(b), or Local Rule 7-18).

This Motion has caused the Court to review its own order without presenting any new facts or circumstances, and Plaintiff should have been more considerate of the Court's time and resources. *See Holtz v. Powazek,* No. 3:21-cv-01401-CAB-JLB, 2021 U.S. Dist. LEXIS 224982, at *4 (S.D. Cal. Nov. 22, 2021) (quoting *Strobel v. Morgan Stanley Dean Witter,* No. 04CV1069 BEN(BLM), 2007 U.S. Dist. LEXIS 26899, at *10 (S.D. Cal. Apr. 10, 2007) ("It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. *But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.*") (emphasis added). The Court should deny Plaintiff's Motion.

## V.   CONCLUSION

For all of the foregoing reasons, Wells Fargo respectfully requests that Plaintiff's Motion to Alter or Amend Judgment be denied.

DATED: August 8, 2022          **McGuireWoods LLP**

By: */s/ Jenny Yi*

Jenny Yi

Attorney for Defendant
Wells Fargo Bank N. A.

## <u>CERTIFICATE OF SERVICE</u>

1

2      I hereby certify that on August 8, 2022, the foregoing was filed

3  electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon

4  completion the ECF system automatically generated a Notice of Electronic

5  Filing ("NEF") as service through CM/ECF to registered e-mail addresses of

6  parties of record in the case.

7      I further certify that on August 8, 2022, I caused to be served the foregoing

8  documents by Federal Express Overnight Delivery and email:

9

10  Arelious Reed 1515 Fort St.
Unit 96

11  Lincoln Park MI 48146

12  reedarel@gmail.com

13

14                                    */s/ Jenny Yi*
                                 _____
15                                       Jenny Yi

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE



---

✄ **FOLD on this line and place in shipping pouch with bar code and delivery address visible**

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

*Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).