Name Arelious Reed

Address 1515 Fort Street Unit 96

City, State, Zip Lincoln Park, MI 48146

Phone (313) 530-5189

Fax None

E-Mail reedarel@gmail.com

☐ FPD   ☐ Appointed   ☐ CJA   ☒ Pro Per   ☐ Retained

**FILED**
CLERK, U.S. DISTRICT COURT

8/31/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eva _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Arelious Reed

CASE NUMBER:

PLAINTIFF(S),

2:21-cv-07545-JVS MRW

v.

Wells Fargo Bank, N.A.
Attorney Jenny Yi Two Embarcadero Center Ste. 1300
San Francisco, CA 94111

**NOTICE OF APPEAL**

DEFENDANT(S).

NOTICE IS HEREBY GIVEN that _____ Arelious Reed _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Wells Fargo Bank motion to dismiss
   Arelious Reed SAC granted

☒ Judgment (specify):
   Arelious Reed motion to alter or amend
   judgment denied

☐ Other (specify):

Imposed or Filed on ____ July 19, 2022 ____. Entered on the docket in this action on August 24, 2022 ____.

A copy of said judgment or order is attached hereto.

8/29/2022

Date

Signature

☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

1.  I believe I am entitled to redress, and the issues which I desire to present on my proposed appeal are the following:

a.  Whereas Wells Fargo Bank, N.A. name in the judgment is a nominal party, and that defendant D/B/A WELLS FARGO DEALER SERVICES, INC., ought at law and in equity to be fully bound and obligated by the judgment rendered.

b.  Arelious Reed do believe that his motion to alter or amend judgment was filed timely under Acceptance by the Clerk. The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. Filing and Service pursuant to Federal Rules of Civil Procedure Rule 5(d)(4) and under Federal Rules of Appellate Procedure Rule 25(a)(B)(4)

c.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | June 9, 2022 |
| Title | Arelious Reed v. Wells Fargo Bank, N.A. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the Second Amended Complaint ("SAC") of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. 52. Reed submitted a filing in response, captioned as a motion to strike Wells Fargo's motion to dismiss. Dkt. 58. Wells Fargo responded. Dkt. 61. Reed subsequently submitted another filing in response to Wells Fargo's reply. Dkt. 62.

For the following reasons, the Court **DISMISSES** Reed's SAC with prejudice and **DENIES** all relief requested by Reed.

The Court **VACATES** the hearing scheduled for June 13, 2022. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

## I. BACKGROUND

Reed alleges that on or about January 28, 2019, he financed the purchase of a 2015 Cadillac Escalade through Wells Fargo. Second Amended Complaint ("SAC"), Dkt. 50, at 3. Reed alleges that he paid the loan in full on or around September 13, 2019, but did not receive any GAP contract payment refunds from Wells Fargo for paying off the loan early as required by the contract. Id. at 3–4.

On September 14, 2021, Reed filed his initial complaint against Wells Fargo. See Dkt. 1. On January 11, 2022, the Court granted Wells Fargo's motion to dismiss the complaint and granted Reed leave to file an amended complaint. See Dkt. 30. On January 19, 2022, Reed filed the FAC. See Dkt. 31. On April 21, 2022, the Court

Case 2:21-cv-07545-JVS-MRW   Document 64   Filed 06/09/22   Page 2 of 6   Page ID #:422

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | June 9, 2022 |

| | |
|---|---|
| Title | Arelious Reed v. Wells Fargo Bank, N.A. |

granted Wells Fargo's motion to dismiss the FAC and again granted Reed leave to amend. See Dkt. 49. On April 29, 2022, Reed filed the SAC. On May 9, 2022, Wells Fargo filed the instant motion.

## II. LEGAL STANDARD

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal quotations and citations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis omitted).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## III. DISCUSSION

### A.   Motion to Strike

In response to Wells Fargo's motion to dismiss, Reed submitted a filing captioned as a "motion to strike." Reed requests that the Court strike Wells Fargo's defenses

Case 2:21-cv-07545-JVS-MRW   Document 64   Filed 06/09/22   Page 3 of 6   Page ID #:423

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07545-JVS-MRW | Date | June 9, 2022 |
|---|---|---|---|

| Title | Arelious Reed v. Wells Fargo Bank, N.A. |
|---|---|

pursuant to Federal Rule of Civil Procedure 12(f). See generally Dkt. 58. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[u]nder the express language of the rule, only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A motion to dismiss does not fall within the definition of a pleading. See Fed. R. Civ. P. 7(a) (defining pleadings to include complaints, answers, third-party complaints and replies to answers). Thus, Reed's request to strike Wells Fargo's motion to dismiss is denied as improper. See In re Tesla, Inc. Securities Litig., 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) ("Defendants' motion to dismiss, however, is not subject to a motion to strike because only pleadings can be stricken under Rule 12(f), and pleadings are defined as complaints, third-party complaints, answers, and replies to answers."). However, in light of Reed's status as a pro se plaintiff, the Court will construe Reed's filing as an opposition to Wells Fargo's motion to dismiss.

### B.   Motion to Dismiss

Wells Fargo argues that Reed's complaint should be dismissed for failure to comply with Rule 8(a). Mot. at 7–8. The Court dismissed Reed's initial complaint for failure to comply with Rule 8(a) because it was "devoid of sufficient factual allegations for the Court to draw a reasonable inference that Wells Fargo is liable for the alleged misconduct." Dkt. 30 at 4. Subsequently, the Court dismissed Reed's FAC because it also failed to put Wells Fargo on notice of the claims against it, in violation of Rule 8(a). Dkt. 49 at 4.

The SAC suffers from the same flaws. It adds eight new causes of action, yet provides less factual detail in support of Reed's allegations. The SAC fails to explain how the facts alleged relate to any of the causes of action asserted by Reed. It does not list the elements of any claim, or explain how Wells Fargo is liable for misconduct that would support causes of action under those claims. See Iqbal, 556 U.S. at 678. The Court agrees with Wells Fargo that Reed's assertions are insufficient to put Wells Fargo on notice of Reed's theory of why he is entitled to relief. See Mot. at 8; Dura Pharms., 544 U.S. at 346.

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | June 9, 2022 |

| | |
|---|---|
| Title | Arelious Reed v. Wells Fargo Bank, N.A. |

Accordingly, the Court **DISMISSES** the SAC for failure to meet the Rule 8 pleading requirements.

### C.    Leave to Amend

Wells Fargo seeks dismissal with prejudice.  A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint.  Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

The Court does not find that leave to amend is warranted in this case.  Reed has already amended his complaint twice in response to the Court's orders and Wells Fargo's motions to dismiss.  At this stage, the Court believes that further amendment would be futile.  The Court previously held that Reed's complaint and FAC both failed to satisfy Rule 8.  The prior orders explained the flaws in the complaint and what changes Reed would need to make upon amendment.  Instead of responding to the Court's direction, Reed has continued to make the same mistakes, and in the SAC he offers even less

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07545-JVS-MRW | Date | June 9, 2022 |
|---|---|---|---|

| Title | Arelious Reed v. Wells Fargo Bank, N.A. |
|---|---|

support for his allegations.  Despite multiple opportunities to amend his complaint, Reed has not shown any reason to believe that these errors can be remedied.

Accordingly, the Court dismisses the SAC with prejudice because further amendment would be futile.  See Steckman, 143 F.3d at 1298.

C.    *Motion for Sanctions*

Finally, Reed submitted a supplemental filing captioned as a motion for sanctions in response to Wells Fargo's reply brief.  See Dkt. 62.  He appears to seek sanctions under Rule 11 against Wells Fargo because of its alleged failure to follow Local Rules 7-3, 7-4, 7-5(b), 7-6, and 7-9 when filing its reply brief.  See id. at 1.  Sanctions are not appropriate here for several reasons.  First, Federal Rule of Civil Procedure 11(c)(2) ("Rule 11"), the "safe harbor rule," requires a party requesting sanctions under Rule 11 to wait 21 days between serving the opposing party and filing the motion with the Court. There is no indication that Reed provided the requisite notice to Wells Fargo.  Next, under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cnty. of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997).  Reed does not make any arguments to suggest that is the case here.  Finally, Reed's only argument to support his request for sanctions is Wells Fargo's alleged failure to comply with Local Rules 7-3, 7-4, 7-5(b), 7-6, and 7-9.  However, Local Rules 7-3, 7-4, 7-5(b), and 7-6 only apply to motions, not to an opposition or reply brief, thus they do not apply to the filing at issue.  Reed makes no argument to support his contention that Local Rule 7-9 applies, let alone that Wells Fargo's filing violated the rule.

Accordingly, the request for sanctions is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Reed's SAC with prejudice and **DENIES** all relief requested by Reed.

The Court **VACATES** the hearing scheduled for June 13, 2022.  The Court finds that oral argument would not be helpful in this matter.  Fed. R. Civ. P. 78; L.R. 7-15.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS-MRW | Date | June 9, 2022 |

| | |
|---|---|
| Title | Arelious Reed v. Wells Fargo Bank, N.A. |

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS (MRWx) | Date | August 24, 2022 |

| | |
|---|---|
| Title | Arelious Reed v. Wells Fargo Bank, N.A. |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:    **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Alter or Amend Judgment [67]**

Plaintiff Arelious Reed ("Reed") moves to alter or amend the Court's judgment in this matter pursuant to Federal Rules of Civil Procedure 59(e) ("Rule 59(e)") or 60(b) ("Rule 60(b)"). See Mot., Dkt. 67. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") opposes the motion. See Opp'n, Dkt. 68.

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

Reed alleges that on or about January 28, 2019, he financed the purchase of a 2015 Cadillac Escalade through Wells Fargo. SAC, Dkt. 50, at 3. Reed alleges that he paid the loan in full before it was due, but did not receive any GAP contract payment refunds from Wells Fargo for paying off the loan early as the contract required. Id. at 3–4.

On September 14, 2021, Reed filed his initial complaint against Wells Fargo. See Dkt. 1. On January 11, 2022, the Court granted Wells Fargo's motion to dismiss the complaint for failing to comply with Rule 8(a) because it was "devoid of sufficient factual allegations for the Court to draw a reasonable inference that Wells Fargo [was] liable for the alleged misconduct," and granted Reed leave to file an amended complaint. See Dkt. 30. On January 19, 2022, Reed filed the First Amended Complaint ("FAC"). See Dkt. 31. On April 21, 2022, the Court again granted Wells Fargo's motion to dismiss the FAC for failing to comply with Rule 8(a), and again granted Reed leave to amend. See Dkt. 49. Reed then filed his SAC, which Wells Fargo moved to dismiss. See Dkt. 64 at 1.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.    2:21-cv-07545-JVS (MRWx)                    Date    August 24, 2022

Title    Arelious Reed v. Wells Fargo Bank, N.A.

On June 9, 2022, the Court granted Wells Fargo's Motion to Dismiss Reed's SAC with prejudice, finding that the SAC failed to allege facts sufficient to state a claim and "suffer[ed] from the same flaws" as Reed's prior pleadings "[d]espite [Reed's] multiple opportunities to amend his complaint." Dkt. 64 at 3–5 (the "SAC Dismissal Order"). The Court also denied Reed's motion for Rule 11 sanctions against Wells Fargo for supposedly violating various local rules when filing its reply brief. Id. at 5. The Court explained that sanctions were not appropriate because Reed failed to notify Wells Fargo that he was going to seek sanctions, in violation of Rule 11's safe harbor rule; did not provide any reason that Wells Fargo's filing was frivolous, legally unreasonable, without factual foundation, or brought for an improper purpose; asserted violations of rules that did not apply to Wells Fargo's filing and were not supported by any argument. Id. at 5.

## II. LEGAL STANDARD

Motions for reconsideration may be brought under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. Backlund v. Barnhart, 778 F.3d 1386, 1388 (9th Cir. 1985). "The difference between a motion brought under Federal Rule of Civil Procedure 59(e) and one brought pursuant to Rule 60(b) is one largely of timing rather than substance." Martinez v. United States, 2018 WL 5801581, at *1 (C.D. Cal. June 8, 2018). "[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [the time period that the Rule permits]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (internal citation omitted).

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Id. (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. (citing McDowell, 197 F.3d at 1255 n.1).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07545-JVS (MRWx) | Date | August 24, 2022 |

| | |
|---|---|
| Title | Arelious Reed v. Wells Fargo Bank, N.A. |

Rule 60(b) allows the Court to relieve a party from a final judgment or order for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Whether brought under Rule 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890. Thus, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakutani, 342 F.3d 934, 945 (9th Cir. 2003).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07545-JVS (MRWx) | Date | August 24, 2022 |
|---|---|---|---|

| Title | Arelious Reed v. Wells Fargo Bank, N.A. |
|---|---|

L.R. 7-18.[1] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III. DISCUSSION

Reed moves for reconsideration of the Court's June 9, 2022 dismissal order "pursuant to Federal Rules of Civil Procedure 59(e) and/or Federal Rules of Civil Procedure 60 and under Central District of California Local Rules 7.18." See Mot. at 2.

Under Local Rule 7-18, Reed was required, absent good cause, to submit his motion for reconsideration "no later then 14 days after the entry of the Order that is the subject of the motion or application." L.R. 7-18. Reed filed this Motion on July 19, 2022, forty days after the entry of the SAC Dismissal Order of which he seeks reconsideration. See Mot. at 1 (filed July 19, 2022); SAC Dismissal Order, Dkt. 65 (entered June 9, 2022). Reed's motion was not timely, because it was filed outside the fourteen-day period and Reed does not provide good cause to excuse his untimely filing.

Under Rule 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). A dismissal with prejudice for failure to state a claim under Rule 12(b)(6), such as the SAC Dismissal Order, is considered a final judgment on the merits. Cirrus Educ., Inc. v. Adams, 2017 U.S. Dist. LEXIS 221959, at *1 (C.D. Cal. Nov. 7, 2017) (citing Stewart v. U.S. Bancorp, 297 F.3d 953 (2002)). Because Reed filed this Motion 40 days after the date of the dismissal, this Motion is untimely under Rule 59(e) and may be considered a motion under Rule 60(b).

However, Reed's Motion fails regardless of how it is construed, because Reed does not assert any valid basis for relief under Rule 59(e), Rule 60(b), or Local Rule 7-18. First, Reed fails to address the requirements of Local Rule 7-18. Reed does not provide a "material difference in fact or law" from what was presented to the Court or claim that any new material facts have emerged. Nor does Reed establish a manifest failure of the

---

[1] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

**CIVIL MINUTES - GENERAL**

Case 2:21-cv-07545-JVS-MRW Document 69 Filed 08/24/22 Page 5 of 5 Page ID #:488

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07545-JVS (MRWx) | Date | August 24, 2022 |
|---|---|---|---|

| Title | Arelious Reed v. Wells Fargo Bank, N.A. |
|---|---|

Court to consider a manifest failure of the Court to consider material facts presented to it. See L.R. 7-18. Moreover, Reed does not provide any other cognizable basis for relief under the Local and Federal Rules. The only reason for reconsideration that Reed provides, is that SAC Dismissal Order "should be amended by including in that Judgment as an additional party Defendant, D/B/A Wells Fargo Dealer Services, Inc. to be fully bound by the judgment" because that corporation "although not name[d] as, or formally joined as, a party defendant in this action, appeared and actively participated in the trial of the action, and is the real party in interest, whereas the defendant name in the judgment is a nominal party." Mot. at 7. This does not justify reconsideration under Rule 59(e), Rule 60(b), or Local Rule 7-18.

Because Reed fails to establish any of the factors necessary to justify reconsideration of the SAC Dismissal Order, the Court DENIES Reed's Motion. See Fisk v. Wilson, 2020 U.S. Dist. LEXIS 27252, at *3–4 (Feb. 18, 2020) ("Displeasure with the outcome alone is insufficient; unless the moving party shows that one factor exists, the Court will not grant reconsideration.").

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court finds that oral argument would not be helpful in this matter and **VACATES** the August 29, 2022 hearing. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

**Query    Reports    Utilities    Help    Log Out**

(MRWx),CLOSED,DISCOVERY,MANADR,RELATED-G,REOPENED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:21-cv-07545-JVS-MRW

| | |
|---|---|
| Arelious Reed v. Wells Fargo Bank, N.A. | Date Filed: 09/21/2021 |
| Assigned to: Judge James V. Selna | Date Terminated: 06/09/2022 |
| Referred to: Magistrate Judge Michael R. Wilner | Jury Demand: Plaintiff |
| Demand: $9,999,000 | Nature of Suit: 190 Contract: Other |
| Related Case: 8:18-cv-00332-JVS-MRW | Jurisdiction: Federal Question |
| Case in other court: Michigan Eastern, 2:21-cv-12146 | |
| Cause: 28:1331 Fed. Question: Breach of Contract | |

**Plaintiff**

**Arelious Reed**                         represented by    **Arelious Reed**
                                                           1515 Fort St.
                                                           Unit 96
                                                           Lincoln Park, MI 48146
                                                           PRO SE

V.

**Defendant**

**Wells Fargo Bank, N.A.**                represented by    **Jenny Yi**
*doing business as*                                        McGuireWoods LLP
Wells Fargo Dealer Services, Inc.                          Two Embarcadero Center, Suite 1300
                                                           San Francisco, CA 94111-3821
                                                           415-844-1943
                                                           Fax: 415-844-9922
                                                           Email: jyi@mcguirewoods.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/14/2021 | 1 | COMPLAINT filed by Arelious Reed against Wells Fargo Bank, N.A. (TTho) [Transferred from Michigan Eastern on 9/24/2021.] (Entered: 09/15/2021) |
| 09/14/2021 | 2 | APPLICATION to Proceed without prepaying fees or costs by Arelious Reed. (TTho) [Transferred from Michigan Eastern on 9/24/2021.] (Entered: 09/15/2021) |
| 09/16/2021 | 4 | ORDER of DISQUALIFICATION and REASSIGNING CASE from District Judge Robert H. Cleland in Port Huron to District Judge Stephen J. Murphy, III in Detroit. (SSch) [Transferred from Michigan Eastern on 9/24/2021.] (Entered: 09/16/2021) |

| 09/17/2021 | 5 | ORDER of DISQUALIFICATION and REASSIGNING CASE from Magistrate Judge Anthony P. Patti to Magistrate Judge Curtis Ivy, Jr. (SSch) [Transferred from Michigan Eastern on 9/24/2021.] (Entered: 09/17/2021) |
|---|---|---|
| 09/21/2021 | 6 | ORDER TRANSFERRING CASE to the Central District of California. Signed by District Judge Stephen J. Murphy, III. (DPer) [Transferred from Michigan Eastern on 9/24/2021.] (Entered: 09/21/2021) |
| 09/24/2021 | 7 | ORIGINAL file, certified copy of transfer order and docket sheet received from Michigan Eastern (Entered: 09/24/2021) |
| 09/24/2021 | 8 | NOTICE OF RECEIPT OF CASE TRANSFERRED IN: Formerly Case Number: 2:21-cv-12146-SJM-CI, from U.S. District Court Eastern District of Michigan (Detroit). The above-referenced case has been transferred to this district and assigned the above civil case number 2:21-cv-07545-VAP-KESx. (car) (Entered: 09/24/2021) |
| 09/24/2021 | 9 | NOTICE OF ASSIGNMENT to District Judge Virginia A. Phillips and Magistrate Judge Karen E. Scott. (car) (Entered: 09/24/2021) |
| 09/24/2021 | 10 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (car) (Entered: 09/24/2021) |
| 09/24/2021 | 11 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (car) (Entered: 09/24/2021) |
| 09/24/2021 | 12 | STANDING ORDER by Judge Virginia A. Phillips. READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. This action has been assigned to the calendar of Judge Virginia A. Phillips. ( See document for further details (yl) Modified on 9/27/2021 (yl). (Entered: 09/27/2021) |
| 09/28/2021 | 13 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 21-01-Related Case-filed. Related Case No: 8:18-cv-00332 JVS(MRWx). Case transferred from Judge Virginia A. Phillips and Magistrate Judge Karen E. Scott to Judge James V. Selna and Magistrate Judge Michael R. Wilner for all further proceedings. The case number will now reflect the initials of the transferee Judge 2:21-cv-07545 JVS(MRWx). Signed by Judge James V. Selna (rn) (Entered: 09/29/2021) |
| 10/06/2021 | 14 | MINUTE (IN CHAMBERS) ORDER RE: IFP APPLICATION by Magistrate Judge Michael R. Wilner. The Court directs Plaintiff to submit a supplemental statement explaining in more detail Plaintiffs income, expenses, assets, and liabilities. Plaintiffs supplemental statement will be due by October 27. Alternatively, Plaintiff may decide to abandon the IFP request and simplypay the filing fee. If Plaintiff chooses to do so, that payment will also be due by the datelisted above. (See Minute Order for further details) (vm) (Entered: 10/06/2021) |
| 10/18/2021 | 15 | STATEMENT filed by Plaintiff Arelious Reed. Re: Minutes of In Chambers Order/Directive - no proceeding held 14 . (vm) (Entered: 10/26/2021) |
| 11/01/2021 | 19 | Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment filed by plaintiff Arelious Reed. (es) (Entered: 11/05/2021) |
| 11/04/2021 | 16 | ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS by Magistrate Judge Michael R. Wilner. IT IS ORDERED that the Request to Proceed In Forma Pauperis is hereby GRANTED. re Statement 15 (vm) (Entered: 11/05/2021) |

| 11/05/2021 | 17 | FOR COURT USE ONLY: STATISTICAL CORRECTION granting 2 APPLICATION for Leave to Proceed in Forma Pauperis Re 2 (vm) (Entered: 11/05/2021) |
| 11/05/2021 | 18 | INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE SELNA (lb) (Entered: 11/05/2021) |
| 11/16/2021 | 20 | MINUTES [IN CHAMBERS] ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION by Judge James V. Selna: The Court, on its own motion, hereby ORDERS plaintiff(s) to Show Cause (OSC) in writing no later than December 3, 2021, why this action should not be dismissed for lack of prosecution. As an alternative to a written response by plaintiff(s), the Court will consider the filing of one of the following, as an appropriate response to this OSC, on or before the above date: Proof of service of summons and complaint. [See document for further details.] (es) (Entered: 11/17/2021) |
| 11/17/2021 | 21 | MINUTES [IN CHAMBERS] Order Regarding Motion for Default Judgment by Judge James V. Selna: Plaintiff Arelious Reed ("Reed") submitted a "memorandum of points and authorities in support of his motion for default judgment." Mem., Dkt. No. 19 , at 1. Reed seeks a default judgment against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Id. at 6. For the following reasons, the Court finds that Reed's filing fails to comply with the Central District of California Local Rules and DENIES the request for default judgment. Denying 19 MOTION for Default Judgment. [See document for further details.] (es) (Entered: 11/17/2021) |
| 11/30/2021 | 22 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE FOR PROOF OF SERVICE OF SUMMONS AND COMPLAINT, 20 filed by Plaintiff Arelious Reed (es) (Entered: 12/10/2021) |
| 12/14/2021 | 25 | Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment filed by plaintiff Arelious Reed. (bm) (Entered: 12/21/2021) |
| 12/15/2021 | 23 | NOTICE OF MOTION AND MOTION to Dismiss Complaint filed by Defendant Wells Fargo Bank, N.A.. Motion set for hearing on 1/24/2022 at 01:30 PM before Judge James V. Selna. (Attachments: # 1 Proposed Order) (Attorney Jenny Yi added to party Wells Fargo Bank, N.A.(pty:dft)) (Yi, Jenny) (Entered: 12/15/2021) |
| 12/15/2021 | 24 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Wells Fargo Bank, N.A. identifying Wells Fargo & Company as Corporate Parent. (Yi, Jenny) (Entered: 12/15/2021) |
| 01/04/2022 | 26 | RESPONSE to Order to Show Cause, 20 filed by Plaintiff Arelious Reed (es) (Entered: 01/04/2022) |
| 01/05/2022 | 27 | [IN CHAMBERS] Text Only Entry: Order to Show Cause issued 11/16/21 is ordered DISCHARGED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (lb) TEXT ONLY ENTRY (Entered: 01/05/2022) |
| 01/07/2022 | 29 | OPPOSITION re: NOTICE OF MOTION AND MOTION to Dismiss Complaint 23 filed by Plaintiff Arelious Reed. (es) (Entered: 01/13/2022) |
| 01/11/2022 | 28 | MINUTES [IN CHAMBERS] Order Regarding Motion to Dismiss 23 by Judge James V. Selna: Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the complaint of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. No. 23 . Reed did not file an opposition. For the foregoing reasons, the Court GRANTS the motion to dismiss the |

| | | complaint for failure to comply with Rule 8. Reed is given 21 days to file an amended complaint. Granting <u>23</u> MOTION to Dismiss. [See document for further details.] (es) (Entered: 01/11/2022) |
|---|---|---|
| 01/14/2022 | <u>30</u> | MINUTES [IN CHAMBERS] Amended Order Regarding Motion to Dismiss <u>23</u> held before Judge James V. Selna: Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the complaint of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. No. <u>23</u> . Reed opposed the motion. Opp'n, Dkt. No. <u>29</u> . While Reed entitled his opposition as a motion to strike Wells Fargo's motion, the Court will construe his "motion" as an opposition. The opposition came in via U.S. Mail and was not added to the docket when the last Minute Order on Wells Fargo's motion was issued. For the following reasons, the Court GRANTS the motion with leave to amend. re: Order on Motion to Dismiss, <u>28</u> . (es) (Entered: 01/14/2022) |
| 01/19/2022 | <u>31</u> | AMENDED COMPLAINT against Defendant Wells Fargo Bank, N.A. amending Complaint - (Discovery) <u>1</u> , filed by plaintiff Wells Fargo Bank, N.A.(es) (Entered: 01/24/2022) |
| 01/28/2022 | <u>32</u> | Order Setting Rule 26(f) Scheduling Conference for 3/28/2022 at 10:30 am before Judge James V. Selna. Counsel shall file the Joint Rule 26 Meeting Report, with the completed Exhibit A, by 3/21/2022. (lb) (Entered: 01/28/2022) |
| 01/28/2022 | <u>33</u> | NOTICE OF DISCREPANCY AND ORDER: by Judge James V. Selna, ORDERING Summons in a Civil Action submitted by Plaintiff Arelious Reed received on January 19, 2022 is not to be filed but instead rejected. Denial based on: The summons was issued from the Eastern District of Michigan. A summons from the Central District of California should be used. (es) (Entered: 01/31/2022) |
| 02/03/2022 | <u>34</u> | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's First Amended Complaint filed by Defendant Wells Fargo Bank, N.A.. Motion set for hearing on 3/7/2022 at 01:30 PM before Judge James V. Selna. (Attachments: # <u>1</u> Proposed Order) (Yi, Jenny) (Entered: 02/03/2022) |
| 02/18/2022 | <u>35</u> | NOTICE OF NON-OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's First Amended Complaint <u>34</u> filed by Defendant Wells Fargo Bank, N.A.. (Yi, Jenny) (Entered: 02/18/2022) |
| 02/18/2022 | <u>36</u> | MINUTES [IN CHAMBERS] Order Regarding Motion to Dismiss <u>34</u> by Judge James V. Selna: Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the First Amended Complaint ("FAC") of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. No. 34. Wells Fargo has not complied with Local Rule 7-3. Accordingly, the Court DENIES the motion to dismiss without prejudice to refiling. The motion is ordered off calendar, and hearing set for March 7, 2022 is vacated. Fed. R. Civ. P. 78; L.R. 7-15. Denying <u>34</u> MOTION to Dismiss. [See document for details.] (es) (Entered: 02/18/2022) |
| 02/25/2022 | <u>38</u> | 21 DAY Summons Issued re Amended Complaint <u>31</u> as to Defendant Wells Fargo Bank, N.A.. (es) (Entered: 03/03/2022) |
| 02/28/2022 | <u>37</u> | [DEFENDANT WELLS FARGO N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT filed as] NOTICE OF MOTION AND MOTION to Dismiss Plaintiffs Amended Complaint filed by Defendant Wells Fargo Bank, N.A.. Motion set for hearing on 2/25/2022 at 01:30 PM before Judge James V. Selna. (Attachments: # <u>1</u> Proposed Order) (Yi, Jenny) Modified on 2/28/2022 (es). (Entered: 02/28/2022) |

| 03/14/2022 | 39 | NOTICE Defendant's Notice of Plaintiff's Non-Opposition to Motion to Dismiss Plaintiff's Amended Complaint 37 filed by Defendant Wells Fargo Bank, N.A.. (Yi, Jenny) (Entered: 03/14/2022) |
| 03/14/2022 | 43 | STATUS REPORT filed by Plaintiff Arelious Reed. (es) (Entered: 03/21/2022) |
| 03/15/2022 | 40 | CERTIFICATE OF SERVICE filed by Defendant Wells Fargo Bank, N.A., re Notice (Other) 39 *[Amended]* served on March 14, 2022, by First Class U. S. Mail. (Yi, Jenny) (Entered: 03/15/2022) |
| 03/15/2022 | 44 | [NOTICE OF CLERICAL ERROR ISSUED 04/06/22 SEE DKT. 46 RE: FILED DATE] MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE FOR JOINT RULE 26.(f) REOIRT WITH THE COURT'S ATTACHED EXHIBIT A filed by Plaintiff Arelious Reed. (lom) Modified on 4/6/2022 (es). (Entered: 03/30/2022) |
| 03/21/2022 | 41 | STATUS REPORT *and Proposed Order* filed by Defendant Wells Fargo Bank, N.A.. (Yi, Jenny) (Entered: 03/21/2022) |
| 03/21/2022 | 42 | MINUTES (In Chambers): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION by Judge James V. Selna. The Court, on its own motion, hereby ORDERS plaintiff(s) to Show Cause (OSC) in writing no later than April 4, 2022, why this action should not be dismissed for lack of prosecution. Scheduling Conference set for March 28, 2022 is continued to April 11, 2022 at 10:30 a.m. (es) (Entered: 03/21/2022) |
| 04/01/2022 | 45 | [WELLS FARGO'S PROPOSED SCHEDULING ORDER filed as] EXHIBIT Filed filed by Defendant Wells Fargo Bank, N.A.. as to Status Report 41 . (Yi, Jenny) Modified on 4/6/2022 (es). (Entered: 04/01/2022) |
| 04/06/2022 | 46 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Response 44 incorrect Filed Date was stamped on Document. The correct date is March 23, 2022. Attachment included. (es) (Entered: 04/06/2022) |
| 04/07/2022 | 47 | [IN CHAMBERS] SCHEDULING NOTICE: The Court has posted its tentative ruling on the Motion to Dismiss 37 and VACATES the Scheduling Conferenc set for 4/11/2022 at 10:30 am. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (lb) TEXT ONLY ENTRY (Entered: 04/07/2022) |
| 04/11/2022 | 48 | NOTICE OF LODGING of Court's Exhibit A to the Rule26f Report filed by plaintiff Arelious Reed re Status Report 43 . (es) (Entered: 04/11/2022) |
| 04/21/2022 | 49 | MINUTES [IN CHAMBERS] Order Regarding Motion to Dismiss and Order to Show Cause by Judge James V. Selna: For the following reasons, the Court DISMISSES the FAC and GRANTS Reed twenty-one days' leave to amend his complaint. Further, the Court ORDERS Reed to meet and confer with Wells Fargo and submit a Joint Rule 26(f) report, with a jointly completed Exhibit A, within twenty-one days of entry of this order. If Reed fails to do so, the Court will dismiss his complaint with prejudice for lack of prosecution. Granting 37 MOTION to Dismiss. [See Order for details.] (es) (Entered: 04/21/2022) |
| 04/25/2022 | 51 | 21 DAY Summons Issued re Amended Complaint 50 as to Defendant Wells Fargo Bank, N.A.. (es) (Entered: 05/04/2022) |

| 04/29/2022 | 50 | SECOND AMENDED COMPLAINT against defendant(s) Wells Fargo Bank, N.A. amending Amended Complaint 31 , filed by plaintiff Arelious Reed (es) (Entered: 04/29/2022) |
| 05/09/2022 | 52 | NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint filed by Defendant Wells Fargo Bank, N.A.. Motion set for hearing on 6/13/2022 at 01:30 PM before Judge James V. Selna. (Attachments: # 1 Proposed Order) (Yi, Jenny) (Entered: 05/09/2022) |
| 05/11/2022 | 54 | MOTION for Notice of Extension of Time to File Joint Rule 26(f) Report with Jointly Completed Exhibit A filed by plaintiff Arelious Reed. (es) (Entered: 05/16/2022) |
| 05/12/2022 | 53 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 3 days, filed by Defendant Wells Fargo Bank, N.A... (Attachments: # 1 Joint Proposed Scheduling Order)(Yi, Jenny) (Entered: 05/12/2022) |
| 05/17/2022 | 55 | ORDER FOR JURY TRIAL SETTING DATES; PREPARATION FOR TRIAL; AND GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL before Judge James V. Selna. (See Document for Details and Deadlines) (es) (Entered: 05/17/2022) |
| 05/17/2022 | 56 | MINUTE ORDER [IN CHAMBERS] ORDER RE SCHEDULING DATES by Judge James V. Selna: The Court has read and considered the parties Rule 26(f) Report and sets the following dates: Jury Trial June 27, 2023 at 8:30 a.m. Final PreTrial Conference June 12, 2023 at 11:00 a.m. Discovery Cut-off January 15, 2023. Expert Discovery Cut-off March 15, 2023. Law and Motion Cut-off May 8, 2023 at 1:30 p.m. The Court orders that any settlement discussions shall be completed not later than February 28, 2023. Motion for Extension of Time to File Joint Rule 26(f) Report 54 is denied as moot. Discovery may proceed at this time. re: Joint Report Rule 26(f) Discovery Plan 53 [See Order for further details and deadlines.] (es) (Entered: 05/17/2022) |
| 05/17/2022 | 57 | FOR COURT USE ONLY: STATISTICAL CORRECTION Denying 54 MOTION for Extension of Time to File re: 56 Scheduling Order (es) (Entered: 05/17/2022) |
| 05/17/2022 | 58 | MEMORANDUM OF POINTS AND AUTHORITIES in Support of Plaintiff's Motion to Strike Defendant's Wells Fargo N.A.'s NOTICE OF MOTION AND MOTION to Dismiss Second Amended Complaint 52 filed by Plaintiff Arelious Reed. (es) Modified on 6/6/2022 (es). (Entered: 05/20/2022) |
| 05/20/2022 | 59 | [NOTICE OF CLERICAL ERROR ISSUED 05/20/22 SEE DKT. 60 WRONG CASE] ORDER REMANDING CASE TO STATE COURT by Judge James V. Selna, The Court sua sponte REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below. See Order for details. Case Terminated. Made JS-6 (es) Modified on 5/20/2022 (es). (Entered: 05/20/2022) |
| 05/20/2022 | 60 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Order to Remand Case to State Court, 59 The Remand Order was docketed on the incorrect case. The correct case: 8:22-cv-01010-JVS-DFM. Please disregard in its entirety. (es) (Entered: 05/20/2022) |
| 05/27/2022 | 61 | OPPOSITION filed by Defendant Wells Fargo Bank, N.A.. (Yi, Jenny) (Entered: 05/27/2022) |
| 06/03/2022 | 62 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS IN OPPOSITION TO DEFENDANT'S |

| | | WELLS FARGO N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MOTION to Strike 58 filed by Plaintiff Arelious Reed. (es) (Entered: 06/06/2022) |
|---|---|---|
| 06/09/2022 | 63 | [IN CHAMBERS] Text Only Entry: Hearing on Defendant Wells Fargo NAs Motion to Dismiss Plaintiffs Second Amended Complaint 52 set for 6/13/2022 at 1:30 pm is ordered VACATED. The Court will issue an Order on this matter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (lb) TEXT ONLY ENTRY (Entered: 06/09/2022) |
| 06/09/2022 | 64 | MINUTES [IN CHAMBERS] Order Regarding Motion to Dismiss by Judge James V. Selna: Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss the Second Amended Complaint ("SAC") of Plaintiff Arelious Reed ("Reed"). Mot., Dkt. 52. Reed submitted a filing in response, captioned as a motion to strike Wells Fargo's motion to dismiss. Dkt. 58. Wells Fargo responded. Dkt. 61. Reed subsequently submittedanother filing in response to Wells Fargo's reply. Dkt. 62.For the following reasons, the Court DISMISSES Reed's SAC with prejudice and DENIES all relief requested by Reed. The Court VACATES the hearing scheduled for June 13, 2022. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15. Granting 58 Motion to Strike. [See Order for details] (es) (Entered: 06/09/2022) |
| 06/29/2022 | 65 | NOTICE OF DISCREPANCY AND ORDER: by Judge James V. Selna, ORDERING Memorandum submitted by Plaintiff Arelious Reed received on 6/21/22 is not to be filed but instead rejected. Denial based on: Local Rule 6-1. Document is entitled Memorandum of Points and Authorities but there is no Notice of Motion or Motion. (es) (Entered: 06/29/2022) |
| 07/14/2022 | 66 | NOTICE OF DISCREPANCY AND ORDER: by Judge James V. Selna, ORDERING Memorandum of Points and Authorities in Support of Plaintiff's Motion to Alter or Amend Judgment submitted by Plaintiff Arelious Reed received on July 7, 2022 is not to be filed but instead rejected. Denial based on: Document entitled Memorandum of Points and Authorities but there is no Notice of Motion or Motion. (es) (Entered: 07/14/2022) |
| 07/19/2022 | 67 | Memorandum of Points and Authorities in Support of Plaintiff's Motion to Alter or Amend Judgment re Order on Motion to Strike re Discovery Matter, 64 filed by plaintiff Arelious Reed. Motion set for hearing on 8/29/2022 at 01:30 PM before Judge James V. Selna. (es) (Entered: 07/28/2022) |
| 08/08/2022 | 68 | Defendant Wells Fargo N.A.'s Opposition to Plaintiff's Motion to Alter or Amend Judgment Opposition re: NOTICE OF MOTION AND MOTION to Alter Judgment re Order on Motion to Strike re Discovery Matter,,, 64 . 67 filed by Defendant Wells Fargo Bank, N.A.. (Yi, Jenny) (Entered: 08/08/2022) |
| 08/24/2022 | 69 | MINUTES [IN CHAMBERS] Order Regarding Plaintiff's Motion to Alter or Amend Judgment 67 by Judge James V. Selna: For the following reasons, the Court DENIES the motion. Denying 67 MOTION to Alter Judgment. [See document for further details.] (es) (Entered: 08/24/2022) |

<table>
<tr><td><b>PACER Service Center</b></td></tr>
<tr><td><b>Transaction Receipt</b></td></tr>
<tr><td>08/29/2022 09:07:37</td></tr>
</table>

| PACER Login: | Bigman2011 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:21-cv-07545-JVS-MRW End date: 8/29/2022 |
| Billable Pages: | 7 | Cost: | 0.70 |

