# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT


**ARELIOUS R. REED**

       **Plaintiff-Appellant,**

 

                        United States Court of Appeals
                             for The Ninth Circuit
                Case No. 22-55837

                              United States District Court
                             Central District of California
                Case No. 2:21- cv- 07545-JVS-MRW

**V.**

**WELLS FARGO BANK, N.A.  DBA**

**Wells Fargo Dealer Services, Inc.,**

       **Defendant-Appellee's.**

**Procedure Rule 5(d)(4) and pursuant to Federal Rule of Appellate Procedure**

**Rule 25(a)(B)(4).**

## STATEMENT OF THE CASE

1. **Factual Background**

This is an appeal of the district court's dismissal of plaintiff Arelious Reed

state and federal GAP insurance agreement claims against defendants Wells Fargo

Bank, N.A., DBA Wells Fargo Dealer Services, Inc.. Within a timely matter

Plaintiff is an opt-out of the GAP Class Action Settlement Herrera, et al. v. Wells

Fargo Bank, N.A., et al., Case No. 8:18-cv-00332-JVS-MRW. In Plaintiff original

Complaint, Plaintiff alleged he was suing for $45,000,000.00 the amount of the

GAP Class Action Settlement Fund, but only seeking relief not to exceed

$1,000,000.00. On September 14, 2021, Plaintiff filed his Complaint against Wells

Fargo Bank, N.A. alleging he did not receive a GAP refund directly from Wells

Fargo Bank, N.A. after he paid off his loan on or around September 13, 2019,

pursuant to a Retail Installment Sales Contract and GAP agreement that were

assigned to Wells Fargo Bank, N.A. DBA Wells Fargo Dealer Services, Inc..

Plaintiff's Complaint includes a prefatory section on the first page of his complaint

titled "CAUSE OF ACTION" that precedes the facts alleged, and lists the

following statutes: (1) 15 U.S.C. Section 1601 Congressional Findings and

Declarations of Purpose; (2) 15 U.S.C. Section 1605 Determination of Finance

Charge; (3) 15 U.S.C. Section 1635(F) Right of Rescission as to Certain

Transactions; (4) "41 U.S.C. Section 6503 Breach Violation of Required Contract

Terms; (5) 41 U.S.C. Section 6504 Three-Year Prohibition on New Contracts in

Case of Breach or Violation; (6) MCL 492.102 Motor Vehicle Sales Finance Act

(excerpt); (7) MCL 600.1352.

On December 15, 2021, Wells Fargo filed its Motion to Dismiss the Complaint. On

January 7, 2022, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss

Plaintiff's Complaint as Prejudice. On January 14, 2022, this Court dismissed the

Complaint with leave to amend and giving Plaintiff 21 days to amend his

Complaint.  On January 19, 2022, Plaintiff First Amended Complaint, Plaintiff

asserts the following Causes of Action: (1) 15 U.S.C. Section 1601(a) and 1635;

(2) 41 U.S.C Section 6503 Breach or Violation of Required Contract Terms; and

(3) MCL 492.102, Michigan Motor Vehicle Sales Finance Act, in Plaintiff First

Amended Complaint, Plaintiff reduced the relief requested, seeking relief against

Wells Fargo Bank, N.A. not to exceed $4,300,000. On January 28, 2022, this Court

Order Setting Rule 26(f) Scheduling Conference for 3/28/2022 and Counsel shall

file the Joint Rule 26 Meeting Report, with the completed Exhibit A, by 3/21/2022.

On February 18, 2022, Wells Fargo Bank, N.A. moved to dismiss First Amended

Complaint of Plaintiff. Defendant Wells Fargo Bank, N.A. has not complied with

Local Rule 7-3. Accordingly, the Court Denies the motion to dismiss without

prejudice to refiling. On February 28, 2022, Wells Fargo Bank, N.A. filed its

Motion to Dismiss Arelious Reed First Amended Complaint, on February 28,

2022, Wells Fargo Bank, N.A. refiled their Motion to Dismiss Plaintiffs First

Amended Complaint with Attachments Proposed Order. Plaintiff failed to respond

to Wells Fargo Bank, N.A. Motion to Dismiss by the deadline of March 11, 2022.

On March 14, 2022, Wells Fargo Bank, N.A. filed its Notice of Plaintiff's Non-

Opposition to its Motion to Dismiss Plaintiff's First Amended Complaint. On

March 7, 2022, prior to the deadline to file the Joint Rule 26(f) Report, counsel for

Wells Fargo Bank, N.A. contacted Arelious Reed and held a meet and confer. On

April 07, 2022, this Court has posted its tentative ruling on the Motion to Dismiss

in favor of Wells Fargo Bank, N.A. Motion to Dismiss granted and Arelious Reed

First Amended Complaint with leave to amend and giving Plaintiff 21 days to

amend his Complaint. On April 29, 2022, Arelious Reed filed his Second

Amended Complaint against Wells Fargo Bank, N.A., this time including, DBA

Wells Fargo Dealer Services, Inc., titled "CAUSE OF ACTION" Claim I; Title 12

Code of Federal Regulations Section 226.21: Claim II; 15 U.S.C. Section

1601(a)/The Truth in Lending Act of 1968; Claim III; 15 U.S.C. Section 1635:

Claim IV; 15 U.S.C. Section 1666(d): Claim V; MCL 492.102 Motor Vehicle

Sales Finance Act (Excerpt): Claim VI: Title 16 Code of Federal Regulations

Section 433.2; Claim VII: Title 16 Code of Federal Regulations Section 433.3;

Claim VIII; 41 U.S.C. Section 6503 Breach or Violation of Required Contract

Terms; Claim VIIII: ULC Section 17200 California's Unfair Competition Law;

Claim X: Consumers Legal Remedies Act Section 1770; Claim XI: Consumers

Legal Remedies Act Section 1780; Claim XII: Declaratory Relief; Plaintiff

Demands A Trial By Jury Pursuant to Federal Rules Of Civil Procedure Under

Title VI Trials Rule 38 and he increases the relief requested to $15,000,000.

Plaintiff Second Amended Complaint seeks relief based on the allegations that on

January 28, 2019, he purchased a 2015 Cadillac Escalade in Doral, Florida and

entered into a three-year loan term with Wells Fargo Bank, N.A., DBA Wells

Fargo Dealer Services, Inc.. Plaintiff suggests he purchased a GAP product with

the GAP agreement were assigned to Wells Fargo Bank, N.A., DBA Wells Fargo

Dealer Services, Inc. Plaintiff alleges he paid the loan off in full on September 13,

2019 and did not receive any type of GAP insurance premiums payments refunds

from Wells Fargo Bank, N.A., DBA Wells Fargo Dealer Services, Inc., which

owes a contractual obligation to the customers under the GAP waiver contract to

refund unearned gap fees when the Plaintiff finance agreement has been paid off

early. On May 09, 2022, Wells Fargo Bank, N.A. move for a Motion to Dismiss

Arelious Reed Second Amended Complaint with Attachments: Proposed Order.

On May 12, 2022, both parties Arelious Reed and Wells Fargo Bank, N.A. filed

their Joint Report Rule 26(f) Discovery Plan. On May 20, 2022, Arelious Reed

8

moves for a Motion to Strike Defendant's Wells Fargo Bank, N.A. Motion to

Dismiss his Second Amended Complaint. On May 17, 2022, this Court has read

and considered the parties Joint Report Rule 26(f) and sets the following dates:

Jury Trial June 27, 2023, Final Pre-Trial Conference June 12, 2023, Discovery

Cut-off January 15, 2023, Expert Discovery Cut-off March 15, 2023, Law and

Motion Cut-off May 8, 2023. This Court orders that any settlement discussions

shall be completed not later than February 28, 2023. This Court order Discovery

may proceed at this time, Joint Report Rule 26(f) Discovery Plan. On May 19,

2022, Arelious Reed sent out his First Set of Interrogatories, Request for

Admissions and Request for Production of documents discovery with a deadline

due on June 18, 2022, to the Defendants, Wells Fargo Bank, N.A., and DBA Wells

Fargo Dealer Services, Inc. counsels to complete. On June 06, 2022, Arelious Reed

moves for a Motion for Sanctions in Opposition to Defendants Opposition to

Arelious Reed Motion to Strike. On June 09, 2022, this court entered a final

judgment in favor of Defendant, Wells Fargo Bank, N.A. and Dismisses Arelious

Reed Second Amended Complaint with prejudice and denies all relief requested by

Arelious Reed. Plaintiff submitted his Motion to Alter or Amend Judgment that

was received by the U.S. District Court on June 21, 2022 by the Clerk of the Court

office is not to be filed but instead rejected and sent out a Notice of Discrepancy

and order to Arelious Reed. Plaintiff resubmitted his Motion to Alter or Amend

Judgment that was received by the U.S. District Court on July 7, 2022 by the Clerk

of the Court office is not to be filed but instead rejected and sent out another,

Notice of Discrepancy and order to Arelious Reed. On July 19, 2022, Plaintiff's

Motion to Alter or Amend Judgment was filed with the Clerk of the Court office of

the U.S. District Court. On August 8, 2022, Wells Fargo Bank, N.A. filed an

Opposition to Plaintiff's Motion to Alter or Amend Judgment arguing Arelious

Reed Motion to Alter or Amend Judgment was filed late and there is no ground for

relief. On August 24, 2022, this Court Denying Arelious Reed Motion to Alter or

Amend Judgment. This appeal is from the judgment of the United States District

Court for the Central District of California and is authorized by the Federal Rules

of Appellate Procedure Rule 3(a)(1)(2)(d) and Rule 4(a)(1). On August 31, 2022,

Plaintiff-Appellant Arelious Reed has filed his Notice of Appeals, Application for

Permission for Electronic Filing and Motion and Affidavit for Leave to Appeal In

Forma Pauperis with a courtesy certified copy of the docket entries in the United

States District Court for the Central District of California for the United States

Court of Appeals for the Ninth Circuit. On August 31, 2022, Plaintiff-Appellant

send out an email Transcript Order Form (G-120), to Sharon Seffens the court

reporter to order transcripts, and sent out the Transcript Order Form (G-120) to

Defendant-Appellee's Wells Fargo Bank, N.A. attorney Jenny Yi by email. On

September 08, 2022, Plaintiff-Appellant Arelious Reed has filed his Statement of

Evidence on Appeal in the U.S. District Court and on September 02, 2022,

Plaintiff-Appellant sent out an email to Defendant-Appellee's Wells Fargo Bank,

N.A. attorney Jenny Yi with his Proof of Service. On September 09, 2022, this

Court granted Plaintiff Application for Permission for Electronic Filing. On

September 12, 2022, Plaintiff-Appellant received a Notification from the U.S.

Ninth Circuit Court of Appeals of case number assigned and briefing schedule. On

September 12, 2022, Transcript Order Form (G-120), was filed with the United

States District Court for the Central District of California. On September 14, 2022,

Plaintiff-Appellant Arelious Reed has filed his Motion for Limited Remand

pursuant to Federal Rules of Civil Procedure Rule 62.1 and Federal Court Rules of

Appellate Procedure Rule 12.1 in the United States District Court for the Central

District of California with his Notice of Motion Hearing. On September 21, 2022,

Plaintiff-Appellant has filed a Transcript Designation Form (G-126) in the U.S.

District Court by using the electronic filing system that set out notification to the

Defendants-Appellee's. On September 23, 2022, Plaintiff-Appellant filed his

Statement of the Case in the United States District Court.

## CERTIFICATE OF SERVICE

I certify that on September 23, 2022, a true and correct copy of the Plaintiff's-

Appellant Statement of the Case was filed with the United States District Court

Clerk of the Court office for the Central District of California by the CM/ECF

system and was served upon the Defendant-Appellee's counsel, Jenny Yi (SBN

314540) by the same electronic case filing system by emailed to

jyi@mcguirewoods.com.

**MCGUIREWOODS LLP**
**Attorney Jenny Yi (SBN 314540)**
**Two Embarcadero Center Suite 1300**
**San Francisco, CA 94111-3821**
**Phone: (415) 844-9944**
**Email: jyi@mcguirewoods.com**

Respectfully submitted,

X _A. Reed_

**Plaintiff-Appellant ARELIOUS REED**
**1515 Fort Street Unit 96**
**Lincoln Park, MI 48146**
**(313) 530-5189**
**Email: reedarel@gmail.com**